Adam Danner, Appellant, *v.* New York and Harlem
Railroad Company et al., Respondents.

Highways — railroad crossings — new crossing ordered by pub-
lic service commission to promote public safety — when street
may be closed, and overhead, or under, crossing substituted.

Where a railroad company seeks, for its own benefit, to acquire a
new crossing over a highway under section 11 of the former Rail-
road Law (L. 1890, ch. 565; re-enacted and amended, L. 1910, ch. 481,
§ 21; Cons. Laws, ch. 49), it is bound to restore the highway to its
former state, but this duty is not imposed upon it where there is an
order properly made by the public service commission, on the peti-
tion of the railroad and the city, on the ground that the public
safety required the proposed improvement. (Railroad Law, L. 1897,
ch. 754, § 62; re-enacted and amended, L. 1910, ch. 481, § 91; Cons.
Laws, ch. 49.)   The statute should be so construed as to justify the
public service commission in such case in making an order closing
a street at a new point of intersection with the railroad and the
substitution for an old grade crossing of a new overhead, or under,
crossing on the changed line of a street. , (*People ex rel. Town of
Colesville* v. *D. & H. Co.*, 177 N. Y. 337; *Matter of N. Y. C. & H. R.
R. R. Co.*, 200 N. Y. 121, distinguished.)
   *Danner* v. *N. Y. & Harlem R. R. Co.*, 152 App. Div. 405, affirmed.

(Argued October 8, 1914; decided November 10, 1914.)

Appeal from a judgment of the Appellate Division of the
Supreme Court in the second judicial department, entered
October 23, 1912, affirming a judgment in favor of defend-
ants entered upon a dismissal of the complaint by the
court on trial at Special Term.

The nature of the action and the facts, so far as mate-
rial, are stated in the opinion.

*George W. Elkins* and *James M. Hunt* for appellant.
The public service commission had no power to relieve
the defendants from the obligation imposed upon them
by the language of section 21 of the Railroad Law.
(*People ex rel. Bacon* v. *N. C. Ry. Co.*, 164 N. Y. 289;

*People ex rel. Town of Colesville* v. *D. & H. Co.*, 177 N. Y. 337.) The public service commission had no jurisdiction to order the destruction of Hunt's bridge, or the closing of the ancient highway at any other point than immediately where that highway crossed the then existing railroad tracks. (*People ex rel. Town of Colesville* v. *D. & H. Co.*, 177 N. Y. 342; *Matter of N. Y. C. & H. R. R. R. Co.*, 200 N. Y. 121.)

*George H. Walker* and *Alexander S. Lyman* for respondents. The public service commission had authority to adopt a plan for the elimination of these crossings involving a change in the location of Oak street. (*People ex rel. City of Niagara Falls* v. *N. Y. C. & H. R. R. R. Co.*, 158 N. Y. 410; *People ex rel. Town of Colesville* v. *D. & H. Co.*, 177 N. Y. 337; *Matter of N. Y. C. & H. R. R. R. Co.*, 200 N. Y. 121; *Matter of N. Y. C. & H. R. R. R. Co.*, 136 App. Div. 756; *Matter of Terminal Railway*, 122 App. Div. 59; 192 N. Y. 534; *People ex rel. Green* v. *D. & C. R. R. Co.*, 58 N. Y. 152; *Post* v. *W. S. R. R. Co.*, 123 N. Y. 580.)

MILLER, J. This is an action under section 21 of the Railroad Law, chapter 481 of the Laws of 1910 (formerly section 11 of chapter 565 of the Laws of 1890), to compel the defendant to restore a highway crossed by it to its former state. The defendant sought to justify what it did by an order of the public service commission made on the 12th day of September, 1907, pursuant to section 62 of the former Railroad Law, chapter 565 of the Laws of 1890, as amended by chapter 754 of the Laws of 1897 (now section 91 of the existing Railroad Law, chapter 481 of the Laws of 1910, Cons. Laws, ch. 49). The Special Term held that the acts complained of were authorized by said order of the public service commission. The Appellate Division, without passing upon that question, held that the plaintiff had been guilty of such laches as to

justify the court in denying him injunctive relief.    We have reached the conclusion that the case falls within said section 62 of the former Railroad Law and not within section 11, now section 21, of the present Railroad Law; that the public service commission had jurisdiction to make the order in question, and that it justified the acts of the defendant complained of.

The plaintiff owns property in the city of Yonkers on the west side of the Bronx stream and south of a highway known as Hunt's Bridge road, which crosses the stream by a highway bridge known as Hunt's bridge and joins a street running thence in an easterly direction in the city of Mount Vernon, called in the record old Oak street. The tracks of the New York and Harlem Railroad Company, leased to and operated by the New York Central and Hudson River Railroad Company, were located in the city of Mount Vernon, about 350 feet east of Hunt's bridge, and crossed Oak and several other streets at grade. On the 26th of May, 1905, the city of Mount Vernon and the defendant New York Central and Hudson River Railroad Company presented a petition to the board of railroad commissioners of the state of New York asserting that public safety required the elimination of the grade crossings of the said railroad at Mount Vernon avenue, Oak street and Fleetwood avenue.    Attached to the petition was a plan showing the proposed method of elimination agreed upon by the petitioners.    By section 80 of chapter 429 of the Laws of 1907 the powers and duties of the board of railroad commissioners were conferred and imposed upon the public service commission.    After notice and the hearings provided for by the statute, the public service commission made an order on the 12th day of September, 1907, which in part provided as follows: " That the Oak Street grade crossing of the New York & Harlem Railroad Company (leased to and operated by the New York Central & Hudson River Railroad Company) in the City of Mount Vernon shall be changed from

grade, and that the said street shall be carried under said railroad in an under-crossing to be constructed under a changed line of said railroad; said under-crossing of said changed line of said railroad to be not in the present line of the street, but at a point a short distance to the north of the present line of said street as shown on blue print plans (Applicant's Exhibit No. 2), the object being that Oak Street shall be carried on said changed line of said railroad in a practically straight line to meet Sherwood Avenue, Yonkers, the said point of under-crossing of said changed line of said railroad to be located about three hundred and fifty feet west of the existing grade crossing by Oak Street of the existing line of railroad." The plans attached to the petition and referred to in the order showed precisely what changes were to be made in ·respect to the changed lines, both of the street and of the railroad; and pursuant to that order the work was undertaken. The result has been to abolish the old grade crossing on Oak street and to substitute an under-crossing on the changed line of Oak street where the new line of railroad crosses it at a point about 350 feet west of the existing crossing. The railroad on this new line is constructed on an embankment which runs along the easterly end of Hunt's bridge, thus cutting off access from Hunt's Bridge road to old Oak street across the Bronx stream. Oak street now extends directly west under the new railroad tracks into Sherwood avenue, Yonkers, whereas it formerly reached Sherwood avenue by its junction with Hunt's Bridge road on a line curving slightly south of the new street. The result is that the plaintiff's property is now at the end of a *cul de sac* and it is necessary for him to travel about 300 feet further by way of Hunt's Bridge road and Sherwood avenue to reach Oak street. Because of the change of grade of Sherwood avenue by the city of Yonkers, it is now more difficult for the plaintiff to haul heavy machinery to and from his machine shop and foundry, and he has thus suf-

fered damage, and he seeks in this action the restoration
of his access over Hunt's bridge to old Oak street.   There
were two tracks on the old line of railroad whereas four
have been constructed on the new.   The order provided
that the additional expense caused by that change should
be borne entirely by the railroad company.   In that, of
course, the plaintiff is not interested.

Said section 62 of the former Railroad Law (now sec-
tion 91 of the existing Railroad Law) provided, as far as
material: "The mayor and common council of any city,
the president and trustees of any village, the town board
of any town within which a street, avenue or highway
crosses or is crossed by a steam surface railroad at grade,
or any steam surface railroad company, whose road crosses
or is crossed by a street, avenue or highway at grade,
may bring their petition in writing to the board of
railroad commissioners, therein alleging that public
safety requires an alteration in the manner of such cross-
ing, its approaches, the method of crossing, the location
of the highway or crossing, the closing and discontinu-
ance of a highway crossing and the diversion of the
travel thereon to another highway or crossing, or if not
practicable to change such crossing from grade or to close
and discontinue the same, the opening of an additional
crossing for the partial diversion of travel from the grade
crossing, and praying that the same may be ordered;
whereupon the said board of railroad commissioners shall
appoint a time and place for hearing the petition,  * * *
and after such notice of hearing the said board of railroad
commissioners shall determine what alterations or changes,
if any, shall be made.  * * * " It has been decided by
this court that that statute authorizes the discontinuance
of one highway and the diversion of traffic to another
(*Matter of Terminal Railway of Buffalo*, 122 App. Div. 59;
affirmed, 192 N. Y. 534), and it was decided by the Appel-
late Division in the second department in an opinion by Mr.
Justice RICH, in the reasoning of which we concur, that the

public service commission has authority under that statute to order the railroad to alter the line of its roadbed. (*Matter of N. Y. C. & H. R. R. R. Co.*, 136 App. Div. 756.) In this case we have the combination of a change of the lines, both of the railroad and of the street, with the result that the new line of railroad crosses the old street at a new point on an embankment, thus closing the old street at the new point of intersection, and not at the point of the existing crossing, a feature which presents the only difficulty in the case.

If the railroad had originally crossed old Oak street at grade where the new line is being constructed, there would be no doubt whatever that the statute authorized the closing of the street at that point and the carrying of the street on a new line slightly to the north of the old line under the railroad, precisely as was done in this case, and we think that the authority to accomplish the same result necessarily follows from the power to require an alteration, both of the line of the railroad and of the street. The record discloses that the work of abolishing the grade crossings in the city of Mount Vernon was attended with difficulties owing to the grades of the streets. While of course authority for what was done must be found in the statute, the statute should not be construed so narrowly as to make impracticable an improvement involving difficult engineering problems.

If the railroad had sought, for its own benefit, to acquire a new crossing over the highway under section 11 of the former Railroad Law (now section 21 of the present law), it would have been bound to restore the highway to its former state. In the case of *People ex rel. Town of Colesville* v. *D. & H. Co.* (177 N. Y. 337), relied upon by the appellant, the railroad company had applied to the railroad commissioners under said section 62 to abolish the grade crossing and its application had been denied, presumably on the ground that the public safety did not require the alteration, whereas in this case we

have an order of the public service commission made on the petition of the railroad and the city on the ground that the public safety did require the proposed improvement. We are not at liberty to disregard the order of the commission and to assume that the improvement was ordered for the benefit of the railroad from the fact that four tracks were to be constructed on the new line in place of two on the old. In *Matter of N. Y. C. & H. R. R. R. Co.* (200 N. Y. 121), also relied upon by the appellant, this court merely decided that the statute did not apply to private crossings, and that the expense of the change of grade of such crossings must be borne by the railroad company.

The Special Term found that it was "Impracticable to eliminate said Mount Vernon Avenue and Oak Street grade crossings on the existing line of the railroad, and the most feasible and practical method of eliminating said crossing was by changing the line of the railroad as ordered by the Public Service Commission," and "That all the work done by the defendant the New York Central and Hudson River Railroad Company, in the destruction of Hunt's Bridge and the building of the embankment across old Oak street, was done in pursuance of the order of the said public service commission, and in accordance with the plans adopted by such commission, and such work was necessary in order to carry out the directions of the said order." We think that the statute should be so construed as to justify the closing of the street at the new point of intersection, and the substitution for the old grade crossing of a new overhead, or under, crossing on the changed line of the street, especially where, as here, the only change in the line of the street was to straighten it.

The judgment should be affirmed, with costs.

Werner, Hiscock, Chase, Collin, Hogan and Cardozo, JJ., concur.

Judgment affirmed.