In the Matter of the Petition of the STATE DEPARTMENT OF PUBLIC WORKS, under Section 91, Railroad Law (as Amended by Chapter 546, Laws of 1928), for an Order Determining that a Change Shall Be Made in the Existing Structure (Railroad Bridge) Carrying the Railroad Operated by THE DELAWARE AND HUDSON COMPANY over Nineveh-Afton State Highway No. 5200 at Harpursville in the Town of Colesville, Broome County. (Case No. 5029.)

THE DELAWARE AND HUDSON COMPANY, Appellant; PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, STATE DIVISION, Respondent.

Third Department, June 30, 1931.

*Joseph Rosch* [*Alfred D. Kelly* of counsel], for the appellant.

*Charles G. Blakeslee* [*Sherman C. Ward* of counsel], for the respondent.

*John J. Bennett, Jr., Attorney-General* [*Leon M. Layden* of counsel], for the State Department of Public Works.

WHITMYER, J. The basis of the appeal is that the order is illegal and confiscatory and was arbitrarily and capriciously made, in that an adequate underpass has been in use at the place for many years and is in use.

The proceeding is under section 91 of the Railroad Law (as amd. by Laws of 1928, chap. 546).

The subject-matter of the section is "Alteration of existing crossing." Under it, in cases where a highway or road crosses or is crossed by a steam surface railroad at grade, below grade or above grade, by structures heretofore constructed, or where a steam surface railroad crosses or is crossed by a highway or road, at grade, below or above grade, and upon proof that public safety requires it, the Public Service Commission has power to determine what alterations or changes, if any, shall be made " in the manner of such crossing, its approaches, the method of crossing, the location of the crossing, a change in the existing structure by which such crossing is made," and other changes.

In this case there are no approaches as the word is used in the section. (*McAneny* v. *N. Y. C. R. R. Co.*, 238 N. Y. 122, 130; *People ex rel. N. Y. C. R. R. Co.* v. *Pub. Serv. Comm.*, 231 id. 1; *Matter of New York, N. H. & H. R. R. Co.* [*Wicopee-Beekman County Highway*], 231 App. Div. 748.)

The location is on the Nineveh-Afton highway at Harpursville, town of Colesville, Broome county, on State road No. 7, which extends from Binghamton to Schenectady and Albany and carries a great amount of traffic. Before 1900 the road was a town road and was crossed by the railroad at a slight angle, without sharp curves, and at grade. In 1900, or thereabouts, the company raised its tracks about six and one-half feet and the town commenced proceedings to require the construction of an underpass or the restoration of the highway to its former usefulness. The result was an order for restoration of the highway " to its former state or such state as not to have unnecessarily impaired its usefulness." (*People ex rel. Colesville* v. *D. & H. Co.*, 81 App. Div. 335; affd., 177 N. Y. 337.)

Then the present underpass was constructed, with changes in the highway, as it is now, by agreement.

At that time the vertical clearance of the pass was thirteen and

eight-tenths feet and the width between abutments was twenty-nine feet.

In 1912 the State took over the town road and built one of macadam, along the lines of the old road, except as to the grade, which was raised, and as to the vertical clearance of the pass, which was reduced to twelve feet, and in 1927 built a concrete road, eighteen feet wide, except over the approaches to the pass and over the roadway through it.

As it is, the situation is dangerous. The pass is so located with reference to the highway that the approach curves in the highway, from each direction, are not safe. The structure, itself, is adequate.

The danger is to be eliminated by relocating the pass at a point 105 feet northerly from the present one and by constructing a new one in the new location, with a change in the highway, to reduce the curves.

According to the Commission, that is the only safe way. Safety has been its only consideration. If that is to be the method, the railroad company will be obliged to share.

On the other hand, there is evidence that the danger may be eliminated at less expense and without interfering with the pass, by a change in the highway outside of the railroad right of way.

That method would be at the expense of the State alone. (Highway Law, § 120, opening paragraph, as amd. by Laws of 1929, chap. 362.)

As estimated, the cost of a change in the location of the pass will be $70,900, to be shared, and of a change in the highway $53,000, to be borne by the State alone.

The order is within the provisions of the Railroad Law. (*Danner v. N. Y. & Harlem R. R. Co.*, 213 N. Y. 117, 121, 122.)

But a Federal question is involved, and the railroad company is entitled to an adequate record, so that the question may be presented properly and fully.

A so-called " brown paper map " (Exhibit 11, for identification, offered as Exhibit 33 for identification) was excluded. That was made in connection with the investigation and study of the division office of the Department of Public Works, and was competent on the question of the recommendations of that Department and the possibilities of retaining the present pass and the reasons for the procedure under section 91 of the Railroad Law.

The company should not be limited in its proof as to what has been accepted by the State as adequate for public safety in in other places as to the radii of curves.

If the present underpass can be used with safety to the public by changing the highway to run in a curve of safe radius, then by

requiring the relocation of the pass and the construction of a new one, the State will be placing an unnecessary burden upon the company in order to have it share in the cost.

The order should be reversed and the matter should be remitted for procedure in accordance with this opinion.

All concur.

Order reversed on the law, and matter remitted to the Public Service Commission, to proceed in accordance with the opinion, with costs.