In the Matter of the Proceeding, under the Grade Crossing Elimination Act, for the Elimination of the Existing Highway-Railroad Crossing at Grade of the Railroad Operated by LEHIGH VALLEY RAILROAD COMPANY and Tioga Street (State Highway No. 5657) in the Village of Spencer, Tioga County.

(Case No. 5991.)

LEHIGH VALLEY RAILROAD COMPANY, Appellant; PUBLIC SERVICE COMMISSION, Respondent.

Third Department, June 22, 1938.

*Herbert W. Smith*, for the appellant.

*Gay H. Brown, Counsel to Public Service Commission* [*Milton E. Canter* of counsel], for the respondent.

RHODES, J.   The grade crossing sought to be eliminated is on Tioga street in the village of Spencer, Tioga county, N. Y.

The highway in question is of concrete, sixteen feet wide, laid in 1920; it runs in a generally easterly and westerly direction and is crossed by the main line of the Ithaca branch of appellant's road, consisting of one track and a siding, about eighty-two feet easterly from the main track. At the crossing and for a considerable distance on either side the highway, proceeding easterly, descends in a grade of nine or ten per cent. The siding and the main line are different elevations, the siding being lower. The main track runs in a northerly and southerly direction and proceeding north curves sharply to the west so that the roadbed at the crossing is banked and the easterly rail is about six inches higher than the westerly rail, producing a bad bump in the highway at this point. The super elevation is in the opposite direction to the grade of the highway without any opportunity for suitable vertical curve to provide proper road facilities over the tracks.

It is proposed by the Commission to eliminate this condition by relocating the highway and the construction of an overhead crossing at a point about 135 feet southerly of the existing crossing.

So far as appears but two accidents have occurred at this location in the past ten years, in one a truck was demolished and the driver was killed, in the other a car was demolished and the driver seriously injured, but it does not appear that the bump in the road contributed to the accidents.

The railroad operates over this location fourteen trains in twenty-four hours, consisting of ten passenger trains and four freight trains, and they are restricted to a speed of forty miles an hour over the crossing. Approaching the crossing from the west the view is quite restricted, but the crossing is protected by the usual warning signs and by two audible, visible signals of the banjo type.

The route known as Route No. 53 serves traffic going from Horseheads to Owego and from Watkins Glen to Owego and points east, and also takes traffic from Pennsylvania through Waverly northerly destined for Ithaca; it runs through rural communities and villages and it does not appear that it is over-burdened with the volume of traffic. A traffic count was taken August 17, 1929, which showed a considerable number of vehicles, but this was on a picnic day in the village, which possibly caused an increase over normal conditions.

After the original order of October 14, 1930, was made appellant, at its request, was granted a rehearing for the purpose of introducing into the record evidence of its financial status, after which the Commission by order dated November 21, 1933, affirmed its prior order. Thereupon in December, 1933, appellant applied for a further rehearing for the purpose of showing that its unfavorable financial condition still existed and that its earnings showed a yearly deficit running into millions; in the alternative it asked that the elimination order be suspended. This application for a rehearing or suspension of the operative effect of the order was denied by order of the Commission dated January 30, 1934. From these orders the appeals herein are taken.

At the previous rehearing granted by the Commission it was shown that appellant's income had dropped from $7,362,573.87 in 1929 to $2,523,270.81 in 1930; that in 1931 it sustained a deficit of $2,261,045.22; that for the first six months of 1932 its deficit amounted to $1,964,307.15. In the application for a further hearing, which has been denied, it was stated that after the last hearing for the entire year of 1932, it sustained a deficit of nearly $4,000,000, and for the year 1933 a further deficit of over $2,500,000.

The estimated cost of the project in question is $121,000 of which, under the statute, one-half is payable by the railroad.

The argument of the appellant is that the promotion of safety is no longer the main purpose of grade crossing elimination, but that the emphasis has changed so that the main purpose now is the furtherance of an uninterrupted rapid movement by motor vehicles irrespective of the question whether public safety requires such improvement.

There is no question that if the change is reasonably necessary in the interests of public safety, the Commission may insist upon it regardless of the prospective bankruptcy of the railroad company financially burdened thereby. (*Denver & Rio Grande R. R. Co.* v. *Denver*, 250 U. S. 241; *Lehigh Valley R. R. Co.* v. *Commissioners*, 278 id. 24; *Matter of Staten Island Rapid Transit Railway Co.*, 220 App. Div. 80; *Matter of Carey Road Grade Crossing* [*N. Y. C. R. R.*

Co.], 238 id. 484; *Matter of Grade Crossing Elimination Act [Altamont]*, 234 id. 129; appeal dismissed, 259 N. Y. 564.)

"This is not to be construed as meaning that danger to the public will justify great expenditures unreasonably burdening the railroad, when less expenditure can reasonably accomplish the object of the improvements and avoid the danger. If the danger is clear, reasonable care must be taken to eliminate it and the police power may be exerted to that end. *But it becomes the duty of the Court, where the cost is questioned, to determine whether it is within reasonable limits.*" (*Lehigh Valley R. R. Co.* v. *Commissioners, supra; Nashville, C. & St. L. Ry.* v. *Walters*, 294 U. S. 405.)

Furthermore, the imposition of such financial burden upon the railroad must bear some reasonable relation to the evils to be eradicated or the advantages to be secured; it is not sufficient to justify the imposition of such financial burden upon the railroad to show that public convenience will be promoted, but there must be some reasonable relation between the improvement and the promotion of public safety. (*Nashville, C. & St. L. Ry.* v. *Walters, supra.*)

In the latter case suit was brought to secure a determination of the constitutionality and validity of an order of a Commission of the State of Tennessee directing the elimination of a grade crossing. At the trial in the State court the carrier showed that the proposed improvement was part of a statewide and nationwide plan to foster commerce by motor vehicles on the public highways, and that large sums of money had been made available by the Federal and State governments for that purpose. The trial court found that in the interest of commerce by motor vehicles this was a proper engineering project, but that the improvement in question did not involve an exercise of police power any more than any other features of the project, such as elimination of curves, grades and widening the pavement.

The Supreme Court of the United States upheld this view, reversing the State appellate court, and held that the court below erred in refusing to consider whether the facts relied upon by the railway established as arbitrary and unreasonable the imposition upon it of one-half the cost of the underpass, reversed the decision of the State appellate court and remanded the case for further proceedings.

Appellant here points out the vast sums contributed by the Federal government and by the State of New York for highway purposes and asserts that it should have been permitted to introduce evidence showing the asserted facts relative to the elimination of grade crossings; that such facts would support its contention

that the crossing elimination in question is not for the purpose of safeguarding the public from accident, but for the purpose of providing greater convenience and promoting high speed vehicular traffic.

Appellant should be permitted to show the facts alleged in its application for a rehearing, not only as to its unfavorable financial condition as revealed by actual experience since the last hearing, but that the elimination places an unreasonable financial burden upon the railroad, because it is not primarily in the interest of safety, but simply for the convenience of the traveling public, or for other reasons not related to the problem of safety.

As was pointed out in *Matter of State Department of Public Works* (*D. & H. Co.*) (233 App. Div. 64), "A Federal question is involved, and the railroad company is entitled to an adequate record, so that the question may be presented properly and fully."

The order denying a rehearing should be reversed and the matter remitted to the Commission for a further hearing, with costs.

HILL, P. J., CRAPSER, BLISS and HEFFERNAN, JJ., concur.

Order reversed on the law and facts, and matter remitted, with fifty dollars costs and disbursements.