This is a proceeding instituted by a steam surface railroad company, under section 62 of the former Railroad Law (now section 91 of the existing Railroad Law, chap. 481, Laws of 1910) for the elimination of certain grade crossings in the village of Ossining. It was begun before the board of railroad commissioners but continued and concluded before the public service commission, second district, whose decision was reviewable by the Appellate Division and is reviewable here at the instance of any party aggrieved thereby. (Section 62 of chapter 565 of the Laws of 1890, as amended by chapter 754 of the Laws of 1897 and chapter 520 *Page 123 
of the Laws of 1898. See also section 91 of chapter 481 of the Laws of 1910.) The village of Ossining claims to be aggrieved because the decision of the public service commission has the effect of charging the village with a part of the expense of eliminating certain crossings which are in no sense streets, avenues or highways but are exclusively private ways of passage. If such is the fact, the determination of the public service commission is certainly erroneous to that extent.
It is only where "a street, avenue or highway crosses or is crossed by a steam surface railroad at grade" that statutory proceedings are authorized for the alteration or closing and discontinuance of such grade crossing and the diversion of travel therefrom. (Railroad Law, § 62.) The words "street, avenue or highway" import ways of a public character and no other ways whatsoever. The section in question has no application to private rights of way and does not authorize the elimination of such rights. Hence, no party can be chargeable thereunder with any portion of the expense of closing ways which are wholly private.
There has been an attempt to impose a charge of this nature upon the village of Ossining in the present proceeding.
The uncontradicted evidence in the record shows that Quimby street and the three alleys or driveways which now cross the New York Central Hudson River railroad at grade north of Quimby street, which crossings the order of the public service commission commands shall be closed and discontinued, are each and all of them private ways. For eliminating these crossings the village of Ossining cannot be compelled to pay either in whole or in part. Crossings of this character do not fall within the purview of the statute. Section 62 does not assume to deal with any but public crossings — that is to say, with those portions of public streets, avenues and highways which cross steam surface railroads at grade. So far as the order under review undertakes to deal with any others it is unauthorized by law. If in a proceeding of this kind for the elimination of public grade crossings it becomes necessary or expedient to close private crossings *Page 124 
also, the expense of closing the latter must be borne by the railroad company concerned. No part of it can be thrown upon the village under the statute.
It follows from what has been said that the order of affirmance and the order of the public service commission should be modified so as to make the order of the public service commission provide, in the subdivision thereof numbered 8, that the proportion of the cost of elimination of said grade crossings in the village of Ossining to be borne by the state and village under section 62 of the (old) Railroad Law shall not include any expense for eliminating the crossings at Quimby street and those at the three alleys or driveways which now cross the New York Central Hudson River railroad at grade north of Quimby street, or any of them.
The respondent railroad company contemplates laying additional tracks on its line passing through Ossining, and also the introduction of the so-called third rail, in order to operate some of its trains by electricity. Counsel for the appellants suggested that the necessity for the elimination of grade crossings was due to this proposed change of motive power rather than to any condition of danger to the public. Obviously the municipality ought not to be required to defray the expense of railroad improvements which have no relation to the public safety; and the public service commission recognized this by inserting in its order a provision that the proportion of the cost of eliminating the grade crossings payable by the state and village "shall include only such cost as is necessary to cross the existing tracks of the railroad company, with the necessary approaches and connecting streets leading thereto * * * and any sum in excess of such cost occasioned by additional main tracks or other improvements shall be paid entirely by the railroad company."
This is a proper requirement, but it may be doubted whether the public service commission has the power to impose it without the express consent of the railroad company. The Railroad Law prescribes the method of defraying the expense of altering old crossings and constructing *Page 125 
new ones and the commission can hardly go beyond its provisions. Nevertheless it is expedient to make it perfectly clear that the village is not to be chargeable with the cost of improvements which do not fall within the scope of the statute. Hence we think the respondent should stipulate that it will pay these expenses, as a condition of the affirmance of the order, with the modification which has been suggested in regard to Quimby street and the other private crossings.
Order modified so as to make the order of the public service commission relieve the state and the village of Ossining from any expense for eliminating the crossings at Quimby street and the three alleys north thereof, and as thus modified affirmed, without costs of this appeal to either party, on condition that the respondent within twenty days file a stipulation in this proceeding that it will pay the expenses imposed upon it by the 8th paragraph of the order of the public service commission; in default thereof the order is reversed, with costs in all courts.
CULLEN, Ch. J., GRAY, HAIGHT, VANN, WERNER and CHASE, JJ., concur.
Ordered accordingly.