trix by the relator, was upon or near a public highway in the county of Queens, not within 500 yards of the boundary between Kings and Queens counties. It is my opinion that the character of the place into which a female is inveigled or induced is an essential element of the offense of abduction under subdivision 2 of section 70. It must to some extent be a place for purposes of prostitution or of assignation; and unless it has been previously so used, the offense does not come within that subdivision. In State of Minnesota v. McCrum, 38 Minn. 154, 36 N. W. 102, the Supreme Court of Minnesota thus construed a statute phrased in essentially the same language. See, also, Nichols v. State, 127 Ind. 406, 26 N. E. 839; Miller v. State, 121 Ind. 294, 23 N. E. 94; Carpenter v. People, 8 Barb. 603; People v. Richards, 108 N. Y. 137, 15 N. E. 371, 2 Am. St. Rep. 373. If an offense has been committed by the relator in the jurisdiction of the courts and grand jury of Queens county, a prosecution against him may be instituted there.

The writ must be sustained, and a final order may be entered discharging the relator.

---

(152 App. Div. 405.)

### DANNER v. NEW YORK & H. R. CO. et al.

(Supreme Court, Appellate Division, Second Department. September 10, 1912.)

INJUNCTION (§ 113*)—GRADE CROSSINGS—ELIMINATION—PROPERTY OWNERS— RIGHT TO INJUNCTION—LACHES.

    In September, 1907, the Public Service Commission directed the elimination of certain grade crossings in Mt. Vernon; the plan providing for a relocation of O. street, so that it followed a straight line from the place of the eliminated crossing to S. avenue and Yonkers, and crossed the Bronx river at a point some distance from the existing bridge, involving an elimination of the bridge, and causing a detriment to plaintiff's property in Yonkers, near the eliminated bridge. The work of reconstructing the roadbed on the changed line of the railroad commenced in 1908, and the new bridge carrying O. street as altered over the river was commenced in 1909, and completed in February, 1911, a few days before the tearing down of the old bridge. *Held*, that plaintiff, not having sued to restrain such change until February 3, 1911, was barred from injunctive relief by laches.

    [Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 198–201; Dec. Dig. § 113.*]

Appeal from Special Term, Westchester County.

Action by Adam Danner against the New York & Harlem Railroad Company and another. From a judgment dismissing the complaint (73 Misc. Rep. 113, 130 N. Y. Supp. 723), plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, CARR, and WOODWARD, JJ.

James M. Hunt, of New York City, for appellant.
George H. Walker, of New York City, for respondents.

HIRSCHBERG, J. The plaintiff now is, and during 14 years last past has been, the owner of certain real property used by him for

the purpose of a machine repair shop, situated in the city of Yonkers, and bounded on the west by the Bronx River road and on the north by Hunt's Bridge road, public highways in the city of Yonkers, and on the east by the Bronx river, the center line of which is the division line between the cities of Yonkers and Mt. Vernon. Hunt's Bridge road was carried across the Bronx river by a bridge, known as Hunt's Bridge, and thereby it connected with Oak street, a public highway in the city of Mt. Vernon. These two highways and this bridge made a continuous highway from about the center of the present city of Yonkers, past the plaintiff's property, at or near Hunt's Bridge, across the Bronx river, through the city of Mt. Vernon, and into the town of Eastchester. The railroad owned by the defendant New York & Harlem Railroad Company, and leased to and operated by the defendant New York Central & Hudson River Railroad Company, crossed Oak street in Mt. Vernon at grade, some distance from Hunt's Bridge, and the line of Oak street from that point to its intersection with Hunt's road across the bridge followed a somewhat irregular or curved course.

In September, 1907, the Public Service Commission, upon the joint petition of the city of Mt. Vernon and the New York Central & Hudson River Railroad Company, directed the elimination of the Oak street grade crossing, and of grade crossings at Mt. Vernon and Fleetwood avenues, streets parallel with Oak street, in the city of Mt. Vernon. The plan adopted by the Public Service Commission relocated Oak street, so that it followed a straight line from the place of the eliminated crossing to Sherwood avenue, in Yonkers, and crossed the Bronx river at a point some distance north of Hunt's Bridge. The line of the defendants' railroad was also relocated, so as to cross the new line of Oak street by an overhead crossing some 350 feet west of the former place of intersection. The result of this change has been the closing of old Oak street by the defendants' new line of tracks, which now cross it at grade about 350 feet west of the old crossing, and the destruction of Hunt's Bridge, where old Oak street formerly crossed the Bronx river, by the abutments and retaining walls of the defendants' new line.

The court below has found that, owing to the grades in Mt. Vernon and the various street locations adjacent to the crossing, it was impracticable to eliminate the Oak street crossing on the former line of the railroad, and that the most feasible and practicable method of eliminating that crossing was to change the line of the railroad. The closing of old Oak street and the destruction of Hunt's Bridge, the court finds, have caused considerable damage to the plaintiff's property. The plaintiff has instituted this action for an injunction restraining the defendants from obstructing old Oak street with the railroad tracks, and directing them to restore that highway and Hunt's Bridge to their original condition and former efficiency, for his use and for the use of others.

The plaintiff claims that the provisions of the Railroad Law (Chapter 481, Laws of 1910 [Consol. Laws 1910, c. 49]) made it obligatory upon the defendants, when building the relocated line of their rail-

road across the old line of Oak street, to restore that highway to its former state, or to such state as not unnecessarily to impair its usefulness. The defendants claim that the changes directed by the Public Service Commission were within the powers conferred upon that body by section 91 of the Railroad Law, providing for the elimination of dangerous grade crossings, and that section 21 of the Railroad Law, relating to such elimination and restoration, is inapplicable to the case of a highway closed pursuant to an order of the Public Service Commission under the authority conferred by section 91, supra. The learned Special Term dismissed the complaint, after a trial of the issues, on the grounds urged by the defendants.

No case decisive of the facts here presented has been cited to us, nor has our research found any. In Matter of New York Central & Hudson River Railroad Co., 136 App. Div. 756, 121 N. Y. Supp. 528, we held that the Public Service Commission, in ordering the elimination of dangerous grade crossings, may in a proper case, as necessarily incidental to such elimination, compel the relocation of the railroad line for a short distance. That case is authority sustaining so much of the order of the Public Service Commission as directed the relocation of the defendant's tracks under the circumstances of the case at bar. It is not, however, authority for the proposition that the Public Service Commission may authorize the relocation of the highway for a considerable distance beyond the crossing to be eliminated, and the closing of the former highway and the destruction of a bridge thereon by a new grade crossing a considerable distance from the crossing to be eliminated. In Matter of Terminal Railway, 122 App. Div. 59, 106 N. Y. Supp. 655, cited by the learned Special Term as authorizing the order relocating Oak street, destroying Hunt's Bridge, and closing old Oak street, the court simply held that the Railroad Commissioners, the predecessors of the Public Service Commission, were authorized by the statute, in eliminating dangerous grade crossings, to close certain of the streets involved *at the place of crossing,* and to divert the traffic from such streets to the other streets, there to be carried over or under the tracks.

We do not, however, deem it necessary to decide on this appeal whether the Public Service Commission had power, by virtue of section 91 of the Railroad Law, to direct the closing of old Oak street and the destruction of Hunt's Bridge, 350 feet from the crossing to be eliminated. We think that the record discloses such laches upon the plaintiff's part as should preclude him from now obtaining injunctive relief, which relief, if granted, would compel the removal of the defendants' tracks and possibly cause a serious interference with the Commission's plans, now almost completed. The trial court has found, and the evidence sustains the finding, that the work of constructing the roadbed on the changed line of the railroad commenced in 1908, that the work of constructing the embankments carrying new Oak street over the Bronx river commenced in 1909, and that the work of constructing the supports for the bridge over new Oak street was commenced in 1909 and the bridge completed in February, 1911, a few days prior to the tearing down of Hunt's Bridge. The

plaintiff in his testimony admits that he attended a meeting of the Public Service Commission in 1905, and saw the plans for the changes in question, on a table, but was unable to examine them, owing to the crowd, and that he then wrote to one of the defendants, the New York Central & Hudson River Railroad Company's engineers, about the plans, and that the engineer visited him at his home about three years ago and showed him the plans, and that since that time he has watched the progress of the work. The engineer testified that he showed the plans to the defendant, and that they showed the nature of the work proposed. The plaintiff did not institute this action until February 3, 1911, and we do not find that the fact that the work had not been entirely completed at that time excuses the delay found by the trial court.

The judgment should be affirmed. All concur.