PEOPLE ex rel. JORDAN v. WOTHERSPOON, Superintendent of Public Works.

(Supreme Court, Special Term, Wayne County.　March 16, 1916.)

1. PROHIBITION ☞16—JURISDICTION—SPECIAL TERM.

Where the material facts involved in a motion for prohibition directed to the superintendent of public works of the state of New York, commanding him to refrain from awarding a contract for completing the construction of a Barge Canal along a certain route, occurred in a county within a certain judicial district, a Special Term within that district had jurisdiction.

[Ed. Note.—For other cases, see Prohibition, Cent. Dig. §§ 64, 65; Dec. Dig. ☞16.]

2. PROHIBITION ☞6(2)—PUBLIC OFFICERS—JUDICIAL ACT.

The superintendent of public works, authorized by Laws 1903, c. 147, to award a contract for Barge Canal construction to the "lowest bidder and upon adequate security," has a discretion, and acts in a quasi judicial capacity in letting canal contracts, so that, if he proceeds unlawfully, a writ of prohibition will lie.

[Ed. Note.—For other cases, see Prohibition, Cent. Dig. §§ 32, 33; Dec. Dig. ☞6(2).]

3. STATUTES ☞35½—ENACTMENT—REFERENDUM—CONSTITUTIONAL PROVISIONS.

In view of Const. art. 3, § 1, providing that the legislative power of the state shall be vested in the Senate and Assembly, Laws 1907, c. 710, amending the Referendum Act (Laws 1903, c. 147) relating to canals, so as to change the route of the canal from the north side of a railroad to the south side, was not unconstitutional, because not submitting the matter to a referendum vote, as the change in the route was not a radical or fundamental change, nor an attempt to divert the money to some other work, but a minor change, necessary to the public interest.

[Ed. Note.—For other cases, see Statutes, Dec. Dig. ☞35½.]

4. PROHIBITION ☞6(2)—PUBLIC WORKS—DAMAGE AND INCONVENIENCE.

A motion for a writ of prohibition to command the superintendent of public works to refrain from awarding a contract for completing the construction of a Barge Canal according to an amendment of the referendum statute authorizing it would be denied, where it appeared that a greater injustice would result through damage and waste, if it was issued than if it was refused, and where the relator did not show any irreparable injury consequent upon its denial.

[Ed. Note.—For other cases, see Prohibition, Cent. Dig. §§ 32, 33; Dec. Dig. ☞6(2).]

5. PROHIBITION ☞18—PUBLIC OFFICERS—LACHES.

Relator, seeking writ of prohibition to command the superintendent of public works to refrain from awarding a contract for completing the construction of a Barge Canal along the route defined by Laws 1907, c. 710, amending Laws 1903, c. 147, chargeable with knowledge of the prog-

ress of the work along the altered route during the preceding seven or eight years, and standing by without protest or objection until most of it had been completed, was guilty of such inexcusable laches as would alone be sufficient ground for denying his motion.

[Ed. Note.—For other cases, see Prohibition, Cent. Dig. § 67; Dec. Dig. ☜18.]

Motion for a writ of prohibition by the People, on the relation of William T. Jordan, against William W. Wotherspoon, as Superintendent of Public Works. Motion denied.

Edson W. Hamn, of Lyons, for the motion.

Egburt W. Woodbury, Atty. Gen. (Edward J. Mone, Deputy Atty. Gen., of counsel), opposed.

CLARK, J. This is a motion by relator for an order directing that a writ of prohibition issue, directed to William W. Wotherspoon, as superintendent of public works of the state of New York, commanding him to refrain from awarding a contract for completing the construction of the Barge Canal from the southeast corner of the town of Galen to the New York Central Railroad crossing at Lyons.

[1] On the return of the order to show cause the defendant raised the preliminary objection that the court has no jurisdiction to entertain this application. The objection is overruled. The material facts involved in this controversy occurred in Wayne county, within the Seventh judicial district, and a Special Term within that district can entertain this proceeding. Code of Civil Procedure, § 2092; People v. Rice, 68 Hun, 26, 22 N. Y. Supp. 631.

The Legislature, by chapter 147 of the Laws of 1903, provided for the improvement of the Erie and other canals, and by section 3 of that act the route of the canal was defined. It provided for the improvement of the Erie Canal from Three River Point along the following route:

"Thence up the Seneca river to the outlet of Onondaga Lake; thence still up the Seneca river to and through the state Ditch at Jack's Reefs; thence westerly generally following said river to [near] the mouth of Crusoe creek; thence substantially paralleling the New York Central Railroad and to the north of it to a junction with the present Erie Canal about one and eighttenths miles east of Clyde; thence following substantially the present route of the canal, with necessary changes, near Lyons and Newark to Fairport."

By chapter 710 of the Laws of 1907, the above statute of 1903 was amended, and the route of the canal at the point in question was changed as follows:

"Thence up the Seneca river to the outlet of Onondaga Lake; thence still up the Seneca river to and through the State Ditch at Jack's Reefs; thence westerly generally following said river to near the mouth of the Clyde river; thence up the Clyde river, or any tributary thereof and their valleys, or portions of the present canal, on lines selected by the state engineer to Fairport."

By the statute of 1903 the route of the improved canal was north of the New York Central Railroad, and by the statute of 1907 the location would be south of that railroad. Much work has been done, and very large sums of money have been expended, in constructing

the canal according to the altered route, and the superintendent of public works is about to let a contract pursuant to statute for the completion of the unfinished work on a stretch of the canal something over 14 miles long from the southeast corner of the town of Galen to the New York Central & Hudson River Railroad crossing at Lyons; and the relator seeks, by writ of prohibition, to restrain the superintendent of public works from entering into the contract for the completion of said work on the ground, as claimed by the relator, that the statute of 1907 (chapter 710) is unconstitutional, for the reason that it was an attempt to amend the statute of 1903, which was a referendum statute, without submitting it to a vote of the people. The learned Attorney General insists that the writ of prohibition will not lie, and therefore the order asked for should not be granted, because in letting the contract in question the superintendent of public works would be acting ministerially, and in no sense judicially.

[2] The superintendent of public works, in acting on the bid for the work in question, is clothed with a discretionary power. He is authorized to award the contract to the "lowest bidder and upon adequate security." Laws of 1903, chapter 147. He thus has a discretion, and acts in a quasi judicial capacity in letting canal contracts. If his duties in the premises were ministerial only, he would have no right to exercise any discretion whatever. In acting on bids and awarding contracts, or rejecting bids, he necessarily exercises some judicial discretion, and if he was proceeding unlawfully a writ of prohibition would lie. Sweet v. Hulburt, 51 Barb. 312; High on Legal Remedies, 763; Metz v. Dayton, 120 App. Div. 814, 105 N. Y. Supp. 809.

[3] The relator urges that chapter 710 of the Laws of 1907 is unconstitutional, because it amended the referendum act (Laws of 1903, chapter 147), without submitting the matter to a vote of the people. I do not agree with the relator in this contention. The change in the route of the canal under Laws of 1907, chapter 710, is not a radical or fundamental one. There was no attempt to divert the moneys to some other work. It applied to the single work or object of building the Barge Canal, and simply changed the location from an impractical route to one that the authorities deem to be a more suitable one.

When we consider the magnitude of the Barge Canal work, the change of route at the point in question would be deemed a minor one made necessary by the conditions existing on the old line as adopted by chapter 147 of the Laws of 1903, and it would seem that the Legislature had the power to amend even a referendum act, when, as in this case, the change was necessary in the public interest. Constitution, art. 3, § 1; 8 Cyc. 807.

[4, 5] I think, however, that the motion should be denied, and the writ not issue, for the reason that a greater injustice would result if it was issued than would follow if it was refused, and inasmuch as the writ of prohibition is an extreme remedy it should not issue, unless it is absolutely necessary. The moving papers do not show any facts that would justify the claim that irreparable injury would follow if

the writ was denied. On the contrary, it plainly appears that very great public injury would be likely to follow if the writ were issued. It would be apt to defeat, and not promote, the ends of justice.

Since the adoption of chapter 710, Laws of 1907, changing the route of the canal through Wayne county from the route as originally adopted, the state has spent very large sums of money, between $3,-000,000 and $5,000,000, along the new route. The relator is chargeable with knowledge of the progress of this work along the altered route during the past seven or eight years, and he has stood by without protest or objection until most of the work has been completed, and now he seeks, by a writ of prohibition, to prevent the superintendent of public works entering into a contract for the small portion of the work on the altered route yet uncompleted. He must be deemed guilty of inexcusable laches, and that alone would be sufficient reason to deny this motion. Danner v. N. Y. & H. R. Co., 152 App. Div. 405, 137 N. Y. Supp. 270.

It is not shown by facts stated in the papers that the relator will suffer any irreparable injury if this contract is entered into and the work permitted to proceed; but, on the contrary, it is shown that great public mischief, damage, and waste will follow the holding up of the contract. For these reasons, and the further reason that the relator has, without protest, permitted the work to go on for years along the altered route, he must be deemed to be guilty of such laches as to preclude him from restraining the superintendent of public works under a writ of prohibition.

The motion must be denied, but under the circumstances it will be without costs. An order may be entered accordingly.