WILLIAM B. KIBBEE and Others, Doing Business under the Firm Name and Style of A. S. KIBBEE & SON, Appellants, *v.* JOHN J. LYONS and Others, as Members of the Canal Board of the State of New York, Respondents.

Third Department, July 6, 1922.

Canals — Barge canal — abandonment of portion of old Erie canal in lumber district of city of Albany not illegal — Legislature had power to amend Barge Canal Act by striking out provision for construction of said part of canal without submitting amendatory act to referendum vote under New York Constitution, art. 7, § 4 — Canal Board will not be enjoined from continuing abandonment proceedings.

The Legislature had power to pass chapter 687 of the Laws of 1921 amending section 3 of the Barge Canal Act by striking therefrom the portion providing for the construction of a spur running through the lumber district of the city of Albany but not connecting with the Barge canal at its eastern terminus at Troy or with the Champlain canal at Waterford, and it was not necessary to submit said amendatory act to a referendum vote by the people under section 4 of article 7 of the State Constitution.

Said amendatory act was expressly authorized by section 4 of article 7 of the State Constitution providing that the Legislature may at any time after the approval of an act submitted thereunder to a referendum vote repeal the same in case no debt has been contracted in pursuance of the act, which was the situation in the instant case, inasmuch as the construction of the spur in question had not been provided for.

Section 5 of the Barge Canal Act, providing for the abandonment and sale of canal lands no longer necessary for canal purposes, is not in contravention of section 8 of article 7 of the State Constitution which provides that the Legislature shall not sell, lease or otherwise dispose of any of the canals of the State, for said provision in the Constitution does not forbid the sale of parts of a State canal which have become useless.

Accordingly, the Canal Board of the State of New York will not be restrained from continuing the abandonment proceedings instituted under Public Lands Law, sections 52 and 53, as added by Laws of 1916, chapter 299, and from abandoning for canal purposes the spur of the old Erie canal in question.

APPEAL by the plaintiffs, William B. Kibbee and others, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Albany on the

8th day of March, 1922, upon the decision of the court rendered after a trial at the Albany Special Term dismissing the complaint.

The action is brought to restrain the defendants, who are members of the Canal Board of the State of New York, from continuing with the abandonment proceedings which are pending (under Public Lands Law, §§ 52, 53, as added by Laws of 1916, chap. 299) and from abandoning for canal purposes the one and three-tenths mile section of the old Erie canal in the lumber district in Albany, N. Y. The plaintiffs are lumber dealers in this district and allege that they will be seriously injured in their business by the abandonment of this portion of the canal; that such abandonment is unlawful, and that they are residents of the State of New York interested to prevent the unlawful act. The evidence supports the findings of the trial court in substance as follows: The lumber district has been abandoned by about nine-tenths of the dealers who thirty years ago carried on a profitable business in this section and but a small part of the lumber district is now devoted to the lumber business; the district is well served by transportation facilities other than the canal; a track of the Delaware and Hudson Railroad Company runs through the yards and the Hudson river washes the east side of the district and of the lands occupied by the plaintiffs; upon this east side are docks and from these it has been the custom for many years to ship much of the outgoing lumber from this district; there are also slips extending from the canal proper into the yards in this district, which slips are no part of the State canal; the lessor of the plaintiffs declares that he will not improve these slips to accommodate canal barges; in these slips the existing depth and width are not sufficient for such barges; the cost of improving each slip would be about $10,000; the plaintiffs pay a rental of $1,500 per annum for the yard they occupy; the elimination of this portion of the canal as proposed will not deprive plaintiffs of substantial rights, but would result in a public benefit; the cost to the State of the construction desired and of the retention of the old Erie canal in part is out of all proportion to the benefits to be derived by the plaintiffs, other lumber dealers, or the public, if the construction be made.

*Charles J. Tobin* [*Charles W. Walton* of counsel; *Chester Wood* with him on the brief], for the appellants.

*Charles D. Newton*, Attorney-General [*Edward J. Mone* of counsel], for the respondents.

VAN KIRK, J.:

On this appeal the ultimate question is whether or not the proposed abandonment of the canal in the lumber district at Albany

is illegal. The decision involves the Barge Canal Act and an amendment thereof in 1921.

In the Barge Canal Act (Laws of 1903, chap. 147, § 3) is the following: "The route of the Erie canal as improved shall be as follows: Beginning at Congress street, Troy, and passing up the Hudson river to Waterford; thence to the westward through the branch north of Peoble's island and by a new canal and locks reach the Mohawk river above Cohoes Falls; * * *." After providing the line on each branch of the Barge canal is this: "The eastern end of the existing Erie canal at its junction with the Hudson river shall be improved as follows: A lock shall be built in place of existing lock number one and the weigh lock near it at Albany with the following governing dimensions: length between hollow quoins one hundred and seventy-eight feet, clear width twenty-eight feet, minimum depth on mitre sills eleven feet, and the canal prism shall be improved as far as existing lock number two by giving it depth of twelve feet and a minimum width of fifty-five feet." This latter provision authorizes the improvement in the lumber district (about one and three-tenths miles in length of the old Erie canal extending between locks 1 and 2 and the subject of dispute in this case). This improvement is no part of the old Erie canal as improved by the Barge canal. The foot of Congress street, Troy, which is the easterly and southerly terminus of the Barge canal, is six miles above that point in the Hudson river where this improvement was to begin. This improvement is simply a spur from the Hudson river into the lumber yards; it was in no wise to be a part of the Barge canal proper; the act does not provide for improving that part of the old Erie canal extending from this proposed improvement northerly to its junction with the old Champlain canal or the Barge canal near Waterford, a distance of more than five miles. The lumber district improvement was to be used to accommodate the few people in the lumber district and for no other purpose. The Barge canal has been completed and is in full operation; yet this spur is not constructed. Its construction would cost approximately $500,000. The question is here whether or not the State is required by the referendum act to raise and expend fresh money for the construction of this spur.

It is the purposed abandonment of this spur, the refusal to furnish funds to construct it, which appellants claim is the illegal act. By chapter 687 of the Laws of 1921 the Legislature amended section 3 of the Barge Canal Act by striking therefrom the portion above quoted, which provided for the construction of this spur. The Barge Canal Act was submitted to the vote of the people and the appellants' contention is that that act could not be amended

by the Legislature without submitting the amending act to the people. This amending act was not so submitted. The Barge Canal Act (§ 15) provided: " This law shall not take effect until it shall at a general election have been submitted to the people, and have received a majority of all the votes cast for and against it at such election; * * *. The ballots to be furnished for the use of voters upon the submission of this law shall be in the form prescribed by the Election Law and the proposition or ·question to be submitted shall be printed thereon in substantially the following form, namely: ' Shall chapter (here insert the number of this chapter) of the laws of nineteen hundred and three, entitled "An act making provision for issuing bonds to the amount of not to exceed one hundred and one million dollars for the improvement of the Erie canal, the Oswego canal and the Champlain canal, and providing for a submission of the same to the people to be voted upon at the general election to be held in the year nineteen hundred and three " be approved?' " This section 15 was inserted in the act because of sections 10 and 4 of article 7 of the Constitution. Section 10 provides: " The canals may be improved in such manner as the Legislature shall provide by law. A debt may be authorized for that purpose in the mode prescribed by section four of this article, or the cost of such improvement may be defrayed by the appropriation of funds from the State Treasury, or by equitable annual tax." Section 4 provides: " Except the debts specified in sections two and three of this article [these provide for meeting casual deficiencies and debts to repel invasions, suppress insurrections or defend the State in war], no debts shall be hereafter contracted by or on behalf of this State, unless such debt shall be authorized by law, for some single work or object, to be distinctly specified therein; * * *. No such law shall take effect until it shall, at a general election, have been submitted to the people, and have received a majority of all the votes cast for and against it at such election. * * *." The vote of the people was not taken for the purpose of specifically and in detail indorsing the plans for the canal, but rather to authorize the contracting of indebtedness in behalf of the State for the single specified work of improving the canals of the State; the people voted to borrow the funds to improve these highways of commerce from the Great Lakes to the Hudson river. Many changes in the original plans for the construction of the Barge canal have been made. As the construction of the Barge canal progressed and the needs to accomplish its purpose were developed, such changes became necessary. But, regardless of the changes in detail, the " single work or object," for which the indebtedness of the State

was authorized, was being carried out and the public moneys borrowed expended thereon. The Legislature, without a vote of the people, had not the power to amend the Barge Canal Act in such manner as to divert these State funds to a work other than the single work or object contemplated when the Barge Canal Act was approved, but it could amend the act and the plans for the canal in any respect which did not so divert the funds or interfere with or destroy that " single work or object." (See *People ex rel. Jordan* v. *Wotherspoon*, 176 App. Div. 947, affg. 94 Misc. Rep. 419.)

We think the above act amending the Barge Canal Act was a lawful exercise of the legislative power lodged in the Senate and Assembly. Article 3, section 1, of the Constitution provides: " The legislative power of this State shall be vested in the Senate and Assembly." The legislative power rests exclusively in the Senate and Assembly; except so far as the Constitution itself has placed it otherwhere, the Senate and Assembly cannot release its power, nor delegate it to another. Our State Constitution contains no general provision for submitting acts of the Legislature to a referendum. The only sections of our Constitution which have a bearing here are sections 4 and 10 of article 7 above quoted, and they are intended to put restrictions upon the legislative power in respect to creating an indebtedness in behalf of the State and to limit the expenditure of State moneys borrowed to the single work or object distinctly specified in the referendum act. They put no other restriction upon the power of the Legislature to amend any act which has been approved by the votes of the people. In section 5 of the Barge Canal Act, approved by the votes of the people, is the following: " Whenever any lands now used for canal purposes shall be rendered no longer necessary or useful for such purposes by reason of the improvement hereby directed, the same shall be sold in the manner provided by law for the sale of abandoned canal lands and the net proceeds thereof paid into the State treasury, and so much thereof as shall be neces- sary shall be applied to the cost of the work hereby directed." In this paragraph was recognized the fact that the old canals in their entire extent and in all their parts might not be required for the Barge canal improvement as authorized, and that such as were not needed or useful for the Barge canal could be abandoned and sold.

Article 7, section 8, of the Constitution does not forbid the abandonment and sale of this unused part of the Erie canal; it provides that the Legislature shall not sell, lease or otherwise dispose of the Erie canal, the Oswego canal, the Champlain canal,

the Cayuga and Seneca canal, or the Black River canal, but they shall remain the property of the State and under its management forever. The courts have declared in a number of cases the purpose and meaning of this provision of the Constitution. In *People ex rel. N. Y. C. & H. R. R. R. Co.* v. *Walsh* (211 N. Y. 90) the court said of this section: "Its purpose and its effect is that those canals as highways of commerce, connecting the great lakes with the Atlantic ocean, should forever remain the property of the State, and under its management and in no wise or particular be transferred to corporations or individuals." (*Sweet* v. *City of Syracuse*, 129 N. Y. 316, 341.) But it does not forbid the sale of parts of a State canal which has become useless to the State. (*People* v. *Stephens*, 13 Hun, 17.)

There was no sum of money specifically appropriated for the construction of this spur. All the moneys raised under the authority of the Barge Canal Act have been expended for the single work specified; also $27,000,000 additional, authorized by chapter 570 of the Laws of 1915, confirmed by referendum, have been so expended. The refusal of the Legislature to construct this spur cannot result in a diversion of any funds raised under authority of the referendum act. If this spur is to be constructed, the necessary funds, about $500,000, must be provided by the State. The Legislature alone has the power to say whether or not additional funds shall be expended for the purpose. We think the Constitution authorizes the Legislature to abandon this separate spur. In section 4 of article 7 is this: "The Legislature may, at any time after the approval of such law by the people [in this case the Barge Canal Act], if no debt shall have been contracted in pursuance thereof, repeal the same; and may at any time, by law, forbid the contracting of any further debt or liability under such law." No debt has been contracted or obligation incurred in connection with this spur and the spur cannot be constructed without contracting further debt or liability.

We conclude that this portion of the old Erie canal in the lumber district is no longer necessary or useful for canal purposes of the State; that it is no part of the Barge canal improvement; that the abandonment of this part of the work is not a radical or fundamental change from the single work or object for which the moneys of the State were appropriated; and that the Legislature is entirely justified in concluding that it will not construct this spur and will not contract any further debt or liability therefor.

The judgment, therefore, should be affirmed, with costs.

Judgment unanimously affirmed, with costs.