In the Matter of the Petition of the STATE HIGHWAY COMMISSION under Section 91 of the Railroad Law that a Grade Crossing of the Erie Railroad and County Highway No. 834 of the Town of Kirkwood, Broome County, Be Eliminated.

ERIE RAILROAD COMPANY, Appellant; STATE HIGHWAY COMMISSION and Others, Respondents.

Third Department, May 3, 1922.

**Railroads — elimination of grade crossing by construction of overhead crossing — under Railroad Law, § 94, subd. 3, Public Service Commission cannot impose more than one-half cost on railroad though structure is large enough to permit additional track not immediately needed — railroad company cannot insist on structure which will provide for additional track to be built in future without paying additional expense — Public Service Commission has power to direct structure to span existing tracks — Railroad Law, §§ 90 and 91, applied — railroad cannot complain of character of pavement on approaches and bridge, though highway immediately adjacent has not been improved in anticipation of overhead crossing — railroad not chargeable with improving unimproved part of road not part of approaches.**

Subdivision 3 of section 94 of the Railroad Law does not authorize the Public Service Commission to impose upon a railroad company more than one-half the cost of the construction of an overhead crossing, though the structure provided for is large enough to permit the building of an additional track on the road at some time in the future, when it may be needed.

A railroad company cannot insist that an overhead crossing be so constructed as to allow space for it to build an additional track on its right of way at some time in the future, when an additional track may be needed, unless it consents to the payment of the additional expense involved.

The Public Service Commission, under sections 90 and 91 of the Railroad Law, has ample power to direct the erection of an overhead crossing which shall suitably span the existing tracks.

A railroad company will be compelled to pay its proportionate share of an improved bituminous macadam pavement over a new bridge and the approaches thereto, though the highway immediately adjacent to the railroad may not have been improved with the other portions of the highway, but was left unimproved in anticipation of an overhead crossing being erected. The character of the pavement is a matter within the judgment of the Public Service Commission.

However, the railroad company cannot be charged for the improvement of any part of the road left unimproved which is not included within the approaches to the bridge.

APPEAL by the Erie Railroad Company from an order of the Public Service Commission of the State of New York, made and filed in the office of said Commission on the 1st day of September, 1921, directing that a grade crossing be discontinued and an overhead crossing constructed, and also from an order of said

Commission made and filed in the office of said Commission on the 27th day of October, 1921, denying appellant's application for a rehearing in said matter.

*Wales & Meagher* [*Frederick J. Meagher* of counsel], for the appellant.

*Charles D. Newton, Attorney-General* [*Arthur E. Rose, Second Deputy Attorney-General,* of counsel], for the respondents.

COCHRANE, P. J.:

Under section 91 of the Railroad Law the State Highway Commission petitioned the Public Service Commission for the elimination of a grade crossing at the intersection of the Erie railroad with an improved county highway in the town of Kirkwood, Broome county, N. Y. The railroad company consented to the elimination but the character of the overhead structure was the subject of debate before the Public Service Commission. There are three tracks at this crossing. The railroad company insisted on a structure which would permit the construction of an additional track upon its existing right of way. It does not appear that the company contemplates the immediate construction of such additional track. The Highway Commission objected to the additional expense involved in an overhead structure adapted to the possibility some time in the future of an additional track. The Public Service Commission decided on an overhead structure so as to permit the construction of an additional track but provided for the cost thereof as follows: " That the cost of providing an elimination which will make it possible to construct a fourth track at the site of the proposed crossing in excess of an elimination necessary to cross the existing three tracks shall be borne solely by Erie Railroad Company." This last provision is objected to by the railroad company.

In *Matter of New York Central & H. R. R. R. Co.* (200 N. Y. 121, 124) the Public Service Commission under similar circumstances made a similar decision. The court said: " Obviously the municipality ought not to be required to defray the expense of railroad improvements which have no relation to the public safety; and the Public Service Commission recognized this by inserting in its order a provision that the proportion of the cost of eliminating the grade crossings payable by the State and village ' shall include only such cost as is necessary to cross the existing tracks of the railroad company, with the necessary approaches and connecting streets leading thereto * * * and any sum in excess of such cost occasioned by additional main tracks or other improvements shall be paid entirely by the railroad company.' This is a proper requirement, but it may be doubted whether the Public Service Commission

Third Department, May, 1922. [Vol. 201

has the power to impose it without the express consent of the railroad company. The Railroad Law prescribes the method of defraying the expense of altering old crossings and constructing new ones and the commission can hardly go beyond its provisions." Subdivision 3 of section 94 (as amd. by Laws of 1915, chap. 240, and Laws of 1921, chap. 698) provides that one-half of the expense of making the crossing shall be paid by the railroad corporation and there is no other statutory provision casting on the company any greater burden. The Public Service Commission was, therefore, in error in imposing on the railroad company any more than one-half of the expense of the proposed new crossing.

It does not follow, however, that the railroad company can insist on a structure which shall take into consideration the possibility of an additional track. That is clearly implied in the opinion in the case above cited. If the railroad company desires a structure suitable to future improvements it is proper that it should pay the additional expense involved therein. In section 90 of the Railroad Law, relating to the construction of new highways crossing a railroad, it is expressly provided that " said Public Service Commission shall determine the height, the length and the material of the bridge or structure by means of which such street, avenue, highway or road or such new portion or additional width of a street, avenue, highway or road shall be carried across such railroad, and the length, character and grades of the approaches thereto." Under section 91 (as amd. by Laws of 1914, chap. 378, and Laws of 1921, chap. 698), relative to the alteration of an existing crossing, " the Public Service Commission shall determine what alterations or changes, if any, shall be made," and such alterations or changes by the terms of said section 91 have reference to " an alteration in the manner of such crossing, its approaches, the method of crossing, the location of the crossing, a change in the existing structure by which such crossing is made," etc. We have no doubt that the power of the Public Service Commission is ample to direct a structure which shall suitably span the existing tracks.

The railroad company further objects to being charged for an improved bituminous macadam pavement over the new bridge. It is the duty of the Public Service Commission to determine the " length, character and grades of the approaches," and if the pavement to which the railroad company objects does not extend beyond such approaches there is no just ground for complaint. It matters not that the highway immediately adjacent to the railroad may not have been improved with the other portions of the highway, but may have been left unimproved in anticipation of this overhead crossing because the statute (§ 91) expressly applies

to a highway which the State Highway Commission " shall have determined to construct or improve as a State or county highway." The railroad company is liable for its proportionate share of the expense of the construction of the approaches to the bridge and the character of the pavement is a matter within the judgment of the Public Service Commission. The highway is an improved county highway except that it appears that a portion on each side of the crossing, consisting of 1,390 feet, was left unimproved in anticipation of this change in the crossing. So much of this 1,390 feet as is not included in the approaches to the bridge would ordinarily have to be improved by the municipality and it seems unjust and unreasonable to require the railroad company to share in the expense of an improvement which has not been made and which would have to be borne by the municipality irrespective of the change in the crossing. It is only " fifty per centum of the expense thereof," meaning the expense of the " *change* " (§ 94, subd. 3), which is to be borne by the railroad corporation. The exact conditions according to the record are somewhat obscure but the railroad company should not be charged for paving any part of the unimproved 1,390 feet not included in the approaches to the bridge. It is immaterial whether or not this 1,390 feet is part of the old highway or deviates slightly therefrom.

The decision should be reversed, without costs, and the matter remitted to the Public Service Commission.

All concur.

Decision reversed, without costs, and matter remitted to the Public Service Commission.