The question is as to the proper interpretation of the provisions of the Railroad Law relative to the construction of overhead street crossings ordered by the Transit Commission of New York.
Railroad Law (Cons. Laws, ch. 49), section 90, provides:
"Section 90. New streets across railroads. (1) When a new street * * * or new portion or additional width of a street * * * shall hereafter be constructed across a steam surface railroad * * * such street * * * shall pass over or under such railroad or at grade, as the public service commission shall direct. * * * (2) The public service commission shall determine whether such street * * * shall be constructed over or under such railroad or at grade. * * * (3) If said commission shall determine that such street * * * shall be carried across such railroad above the grade thereof, then said public service commission shall determine the height, the length and the *Page 126 
material of the bridge or structure by means of which such street * * * shall be carried across such railroad, and the length, character and grades of the approaches thereto. * * * The decision of the public service commission as to the manner and method of carrying such new street * * * across such railroad shall be final, subject however to the right of appeal hereinafter given."
"Section 94. Performance of work; Division of expense Accounting; Claims for damage; Valuations. * * *
"2. Whenever under the provisions of section ninety of this chapter a new street, avenue, highway or road or new portion or additional width of a street, avenue, highway or road is constructed across an existing railroad, the railroad corporation shall pay one-half and the municipal corporation having jurisdiction over such street, avenue, highway, or road or new portion or additional width of a street, avenue, highway or road shall pay the remaining one-half of the expense of making such crossing above or below the grade of the railroad."
"6. In carrying out the provisions of sections * * * ninety * * * of this chapter. * * * (4) the work shall be done by the railroad corporation or corporations affected thereby, subject to the supervision and approval of the public service commission; * * *. Plans and specifications of all changes proposed under section ninety * * * and an estimate of the expense thereof shall be submitted to the public service commission for its approval before the letting of any contract. In case the work is done by contract the proposals of contractors shall be submitted to the public service commission, * * *"
"Section 96. Proceedings to enforce orders of commission. (5) It shall be the duty of the corporation, municipality or person or persons to whom the decisions or orders of the public service commission are directed, as provided in sections * * * ninety * * * to comply with such decisions and orders, and in case of their *Page 127 
failure so to do the commission shall thereupon take proceedings to compel obedience to the decisions and orders of the commission. (6) The supreme court at a special term shall have the power in all cases of such decisions and orders by the public service commission to compel compliance therewith by mandamus, or under the provisions of the public service commissions law, subject to appeal to the appellate division of the supreme court and the court of appeals in the same manner and with like effect as is provided in case of appeals from an order of the supreme court."
Public Service Commission Law (chapter 48 of the Consolidated Laws, as amended): "Section 57. Summary proceedings. Whenever either commission shall be of opinion that a * * * railroad corporation * * * subject to its supervision is failing or omitting * * * to do anything required of it by law or by order of the commission * * * it shall direct counsel to the commission to commence an action or proceeding in the supreme court of the state of New York in the name of the commission for the purpose of having such violations or threatened violations stopped and prevented either by mandamus or injunction. * * * In case of default in answer or after answer, the court shall immediately inquire into the facts and circumstances in such manner as the court shall direct without other or formal pleadings, and without respect to any technical requirement. * * * The final judgment in any such action or proceeding shall either dismiss the action or proceeding or direct that a writ of mandamus or injunction or both issue as prayed for in the petition or in such modified or other form as the court may determine will afford appropriate relief."
The tracks of the railroad companies leave the Grand Central Station in New York city, cross the Harlem river and run in a generally northerly direction through the valley of the Bronx river. East Two Hundred and Thirty-eighth *Page 128 
street in the borough of The Bronx runs east and west. Between Bullard avenue and Webster avenue, which run north and south, lies the valley of the Bronx.
Under the provisions of section 90 of the Railroad Law it had been determined before the order now before us for review was made, first, that a new portion of East Two Hundred and Thirty-eighth street was to be laid out across the railroad tracks of appellants, connecting Bullard avenue and Webster avenue; and secondly, that such street was to be constructedover such railroads. The order directing that the street shall be constructed over the railroads has been reviewed by the courts and affirmed. (Matter of City of New York, East 238th Street,184 App. Div. 896; 224 N.Y. 708.)
The respondents now seek by peremptory mandamus, under section96 of the Railroad Law and section 57 of the Public Service Commission Law, to compel appellants to obey a subsequent order of the commission to construct at their expense an overhead bridge for general traffic to cross the tracks of appellants, such bridge to be about eight hundred feet long, not less than eighty feet in width, and from thirty-five to sixty feet above defendants' tracks, to be constructed with its approaches in accordance with certain plans and profiles.
Appellants object to such order for the reason that it compels them to construct a bridge, not only across their tracks but also across the entire Bronx valley, including the lands of the Bronx Parkway Reservation, at a cost of approximately $1,000,000. One hundred and sixty-five feet of the bridge are over the New York, New Haven and Hartford Railroad Company's right of way, two hundred and fifteen feet over the New York Central's right of way and four hundred and forty-five feet over the lands of the Bronx Parkway Reservation. The configuration of the Bronx valley at this point is such that Two Hundred and Thirty-eighth street could not be extended across it for practical use except by a bridge *Page 129 
of the character indicated. The presence of the railroads in the valley does not make the overhead crossing which has been ordered by the commission either necessary or proper. The same type of structure would be necessary if the railroads did not occupy a portion of the valley.
Section 94, subd. 6, of the Railroad Law provides: "In carrying out the provisions of sections * * * ninety * * * the work shall be done by the railroad corporation or corporations affected thereby." The contention of the respondents is that the prior order is final on this point and the matter is res adjudicata. But the doctrine of res adjudicata is based upon reasons and principles which are not applicable here. A judgment is not a bar or estoppel in a subsequent litigation between the same parties to a cause of action, except as to questions which were actually litigated and determined. (Cook v. Conners, 215 N.Y. 175.) The question who should pay the ultimate cost of the structure was directly reserved in the prior proceeding although section 94
of the Railroad Law provides that the railroads shall pay "one-half of the expense of making such crossing above or below the grade of the railroad." The determination of the question who should construct the entire structure was not essential to the prior determination by the commission and was not in terms decided thereby. That the railroads should do the work is an inference from the language of the statute, but not a necessary inference. The substance of the former order is that the street shall cross the railroad tracks on a bridge as specified. It is not in itself an order that the railroad companies shall construct the entire bridge at their expense, nor is that its necessary legal effect. Having regard both to the interests of the public and the railroads, such an order should not be given an unreasonable and arbitrary meaning for the purpose of applying the doctrine of res adjudicata to the order now before us for review. It should be construed *Page 130 
merely as an approval of the general plan of carrying the street over the railroad tracks. The question of the jurisdiction of the commission to make the order now before us for revision remains open.
On the merits the order cannot be sustained. The determinations of the commission are valid only so far as it acts within the authority delegated to it by the legislature. (People ex rel.N Y Queens Gas Co. v. McCall, 219 N.Y. 84, 88; affd.,245 U.S. 345.) The Railroad Law, in terms, goes no further than to authorize the commission to make an order determining the height, length and material of the bridge by means of which the street shall be carried across the railroad, together with the approaches thereto, and directing the railroads to construct it. It does not empower the commission to direct the railroad to construct any overhead crossing structure other than a bridge or other structure across the railroad tracks with reasonable incidental approaches. (Matter of New York Central H.R.R.R.Co., 200 N.Y. 121; State ex rel. City of St. Paul v. St.Paul, M. M. Ry. Co., 62 Minn. 450; Railroad Commission ofCalif. v. Southern Pacific Co., 264 U.S. 331.) Such provisions apply naturally only to the highway over the railroad in the common acceptance of the words. (People ex rel. N.Y.C.R.R. Co. v. P.S. Com., 231 N.Y. 1.) The portion of the structure ordered herein which crosses the lands of the Bronx Parkway Reservation is not a bridge across the railroad nor an approach thereto within the reasonable meaning of the Railroad Law. The bridge is the structure to be erected across the valley. The approaches thereto are the ways or means of access to the bridge, not a part of the bridge itself. An oppressive construction of the statute is not justified. It must be given a fair and reasonable construction, having in mind the subject-matter to which it is applied, the mischief to be guarded against and the remedy. (Heydon's Case, 3 Coke 7a; Woollcott v. Shubert, 217 N.Y. 212,221.) The mischief was the *Page 131 
dangerous nature of grade crossings; the remedy was the bridging of such crossings so that the tracks might be crossed in safety by travelers on the highway. The legislature did not have in contemplation the construction of vast public works at the expense of the railroads, when the crossing of railroad tracks is a mere incident thereto. The work to be done by the railroad companies under section 94 of the Railroad Law refers only to such work as the commission has authority to order the railroads to perform.
It is unnecessary to discuss the constitutional question which might arise if the law were as the respondents contend that it is. We hold merely as a matter of statutory construction that the commission is without jurisdiction to order the railroads to construct the entire bridge when only a portion of it carries the street over the railroad tracks. When it comes to the question of state legislative power to impose great expense on interstate railroads without the action of the interstate commerce commission, the position of the railroads would probably be materially strengthened by the recent decision of the Supreme Court of the United States in Railroad Commission v. SouthernPacific Co. (supra).
The orders appealed from should be reversed and the motion for an order of peremptory mandamus directing the railroads to construct the entire bridge denied, with costs in all courts.
CARDOZO, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur; HISCOCK, Ch. J., not voting.
Orders reversed, etc. *Page 132