In the Matter of the Petition of STATE COMMISSION OF HIGHWAYS for Change of Grade Crossings in the Town of Ripley, Chautauqua County.

NEW YORK, CHICAGO AND ST. LOUIS RAILROAD COMPANY, Appellant; THE STATE OF NEW YORK, Respondent.

**Public Service Commission — railroads — grade crossings — Commission has no power to appropriate part of right of way of railroad company to erect an abutment thereon — when Commission may extend an overhead crossing over an adjoining right of way but has no power to cast more than one-half of expense thereof on railroad company.**

1. The Public Service Commission has no power, on abolishing a grade crossing, to appropriate the land or right of way of the railroad company for an abutment, at least where it is not necessary as an engineering proposition. (Railroad Law [L. 1910, ch. 481], § 91.)

2. The Commission has the power, however, to extend an overhead crossing to a reasonable extent over adjoining rights of way, but under the provisions of the Railroad Law (§ 94, subd. 4) it cannot cast more than one-half of the expense thereof upon the railroad corporation. In case an appropriation of land of the corporation was permitted for such construction, more than this proportion of the expense would fall upon the railroad company contrary to the statutory provision.

*Matter of State Comm. of Highways (Town of Ripley)*, 208 App. Div. 827, reversed.

(Argued December 4, 1924; decided January 21, 1925.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered March 12, 1924, which affirmed orders of the Public Service Commission of the State of New York made in a proceeding to change the crossings at grade of Pennsylvania State Line — Westfield, Part 1, Highway No. 8031, and the New York Central railroad (main line), the New York, Chicago and St. Louis railroad and the railroad of the Buffalo and Lake Erie Traction Company (street surface) in the town of Ripley, Chautauqua county.

*Herbert W. Huntington* for appellant. This land having been acquired by the New York, Chicago and St. Louis Railroad Company for railroad purposes, and being now used by it for railroad purposes, the State has no right to take and appropriate the same permanently and exclusively for another public use, to the exclusion of the railroad company, unless that power is expressly conferred by legislative grant and compensation is duly paid. (*N. Y. C. & H. R. R. R. Co.* v. *City of Buffalo*, 200 N. Y. 113; *Matter of City of New York* [*Newport Ave.*], 218 N. Y. 274; *Matter of Mayor, etc., of N. Y.*, 52 Misc. Rep. 596; *Matter of City of New York* [*Saratoga Ave.*], 226 N. Y. 128; *Matter of 221st St., City of New York*, 116 Misc. Rep. 506; *Matter of Seneca Ave., City of New York*, 98 Misc. Rep. 712; *Yates* v. *Van De Bogert*, 56 N. Y. 526; *Pros P. & C. I. R. R. Co.* v. *Williamson*, 91 N. Y. 552; *Jennings* v. *D., L. & W. R. R. Co.*, 103 App. Div. 164; *People ex rel. N. Y. C. & H. R. R. R. Co.,* v. *City of Buffalo*, 156 N. Y. 578; *Matter of Boston, Hoosac Tunnel & Western Ry. Co.*, 79 N. Y. 64.) The Railroad Law of this State expressly provides for the division of expenses in grade crossing elimination of this character. The State cannot reduce its share of expense by arbitrarily appropriating, as in this case, a part of the right of way of this appellant. (*People ex rel. N. Y. C. & H. R. R. R. Co.* v. *P. S. Comm.*, 231 N. Y. 1.)

*Carl Sherman, Attorney-General (Edward G. Griffin* of counsel), for respondent.   The decisions of the courts of this State authorize the Public Service Commission under the statute in placing the abutment within the railroad's unused right of way.   (*Matter of State Highway Comm.,* 201 App. Div. 94; *Matter of N. Y. C. & H. R. R. R. Co.,* 200 N. Y. 121; *Matter of Erie R. R. Co.,* 208 N. Y. 486.) It is not unconstitutional to provide that the railroad's right of way, whether occupied or not, shall be used for this purpose.   (*Erie R. R. Co.* v. *P. U. Comm.,* 254 U. S. 394.)

CRANE, J.   On or about January 12, 1922, the State Commission of Highways presented to the Public Service Commission of this State a petition, alleging that public safety required an alteration in the manner in which the Pennsylvania State Line — Westfield, Part 1, Highway No. 8031, crossed the main line of the New York Central railroad and the New York, Chicago and St. Louis railroad and also in connection therewith an alteration in the manner in which the Buffalo and Lake Erie Traction Company crossed the same highway. After due hearings before the Commission, an order was made on the 14th day of June, 1922, requiring the grade crossing to be closed and discontinued, and a new piece of highway and overhead crossing of said railroads to be constructed in accordance with the plan and details described in the order.   This required the placing of a mass concrete abutment immediately south of the existing tracks of the Nickel Plate railroad (so called), thereby appropriating and rendering useless to the railroad approximately forty feet of its established right of way. At this point the railroad had a right of way of about one hundred feet in the center of which it operated a single-track railroad.   The proposed overhead crossing was elevated above the track but the concrete embankment, constituting the approach to the crossing, was to

be built according to the above order on forty feet of the right of way of the railroad to the south of the track. The railroad company protested and applied to the Commission for a rehearing which was granted. Further testimony was adduced before the Commission which later, and on the 7th day of February, 1923, made an order refusing to modify its previous order in this particular.

On appeal to the Appellate Division this order of the Public Service Commission was unanimously affirmed. The appellant .is here through leave granted by this court.

The question immediately arises whether the Public Service Commission had any power in abolishing this grade crossing to appropriate the land or right of way of the railroad company for an abutment or approach.

It is well settled that railroad corporations may be required at their own expense not only to abolish existing grade crossings but also to build and maintain suitable approaches or viaducts to carry highways, newly laid out, over their tracks or to carry their tracks over such highways. (*Chicago, M. & St. P. Ry. Co.* v. *City of Minneapolis*, 232 U. S. 430, 438.) The Legislature has placed no such burden upon the railroads of this State, recognizing that the elimination of grade crossings is an advantage to the people of the State as well as a benefit to the railroad companies. (*People ex rel. Simon* v. *Bradley*, 207 N. Y. 592.)

Section 91 of the Railroad Law (Laws of 1910, ch. 481), as amended, provides for a proceeding like this wherein upon petition the Public Service Commission after due notice and hearing shall determine what alterations or changes, if any, shall be made to change a grade crossing to an overhead crossing. Section 94, subdivision 4, provides that one-half of the expense of making such crossing, above or below grade or changing or rebuilding an existing structure by which such crossing is made, shall be

paid by the railroad corporation and the remaining one-half of the expense shall be paid by the State in the case of a State highway. I find nothing in this law which permits or authorizes the Public Service Commission to appropriate the land of the railroad company for the construction of any part of such overhead crossing, at least where, as in this case, it is not necessary as an engineering proposition. If such an appropriation were permitted, it is readily seen that more than half the expense of the construction of an overhead crossing would be cast upon the railroad — the company would not only pay one-half of the cost of the overhead structure but would also lose its property as well which the Commission had appropriated by its order. The very purpose of expense-sharing would thus be rendered futile.

On the argument and in the briefs, as well as by the uncontradicted testimony, it is conceded that the overhead span could readily be carried over the company's right of way, i. e., over the forty feet appropriated by the order for an embankment. The additional cost of carrying this overhead crossing forty feet farther is said to be about $8,000. There is no difficulty with the engineering part of the proposition. On the hearings the dispute was over the expense. The State insisted that the railroad company should pay this additional expense and that the Commission had no power to extend the overhead crossing farther than the tracks themselves — in this case the single track of the Nickel Plate railroad. We do not think the Commission's power can be so limited as the result would be to deprive it of all power, i. e., if it could not extend the overhead crossing by its order over the adjoining right of way on which there was no railroad track and it had no power to appropriate the land of the railroad company for approaches, the result would be that the overhead crossing would be suspended in the air without approaches — there

would be no overhead crossing. The Public Service Commission, therefore, must either have the power to extend the overhead crossing *to a reasonable extent* over adjoining rights of way or else it has the power of appropriation. As it cannot have the latter under the law and Constitution of this State (at least without making compensation), it must have the former in order to function. The Railroad Law providing for changes in grade crossings must have a reasonable construction. (*McAneny v. New York Central R. R. Co.*, 238 N. Y. 122.)

*Matter of State Highway Commission (Kirkwood Crossing)* (201 App. Div. 94) is in harmony with what is here stated and does not justify the action of the Commissioners in this case. The Public Service Commission in the *Kirkwood* case provided an overhead structure so as to permit the construction of an additional track by the railroad on its right of way and added to its order this provision: " The cost of providing an elimination which will make it possible to construct a fourth track at the site of the proposed crossing in excess of an elimination necessary to cross the existing three tracks shall be borne solely by the railroad company." The Appellate Division held, and rightly so, that the Public Service Commission was in error in imposing on the railroad company any more than one-half of the expense of the proposed new crossing. That part of the opinion which intimates that the railroad company could not insist upon a structure which shall take into consideration the possibility of an additional track was not before the court and is mere *dicta*. Neither does *Matter of New York Central & Hudson River R. R. Co.* (200 N. Y. 121, 124), sustain the respondent's contention. The crossings there dealt with were private crossings and it was decided that the Railroad Law only applies to public crossings. What was there stated in the opinion about cost occasioned by additional main tracks or other improvements was confined to improvements which had

no relation to the public safety. (*Danner* v. *New York & Harlem R. R. Co.*, 213 N. Y. 117.)

It follows that the orders appealed from must be reversed and the matter remitted to the Public Service Commission for a further hearing in accordance with the views here expressed, with costs to the appellant.

His cock, Ch. J., Pound, Andrews and Lehman, JJ., concur; Cardozo and McLaughlin, JJ., absent.

Orders reversed, etc.