In the Matter of the Proceeding, under the Grade Crossing Elimination Act, for the Elimination of the Existing Highway-Railroad Crossing at Grade of the Railroad Operated by the NEW YORK CENTRAL RAILROAD COMPANY and Saugerties-Kingston, Part 2, State Highway No. 5000, Located about Two and One-tenth Miles North from Kingston Station in the Town of Ulster, Ulster County. (Case No. 4725.)

THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant; PUBLIC SERVICE COMMISSION (STATE DIVISION, DEPARTMENT OF PUBLIC SERVICE), and Another, Respondents.

Third Department, June 21, 1929.

*Alex. S. Lyman* [*Frederick L. Wheeler, Leo Manville* and *James L. Homire* of counsel], for the appellant.

*Hamilton Ward, Attorney-General* [*Albert J. Danaher, Assistant Attorney General,* of counsel], for the respondent Department of Public Works.

*Charles G. Blakeslee* [*Sherman C. Ward* of counsel], for the respondent Public Service Commission.

*W. W. Van Keuren,* property owner, in person.

HILL, J. The Public Service Commission has determined that public welfare requires the elimination of the existing highway-railroad crossing at grade of the West Shore railroad and the Saugerties-Kingston highway, just north of the boundary line of the city of Kingston. The elimination order locates the new crossing 137 feet north of the present one, measured along the center line of the railroad, which requires the relocation of about 2,700 feet of the highway, and eliminates a sharp curve about 1,300 feet south of the present crossing. Commencing at the south end of the new proposed highway, the first 850 feet is substantially level. There is an ascending grade of five per cent for 415 feet,

a level space over the bridge of 350 feet, a descending grade of five per cent for 320 feet and the northerly 775 feet is substantially level. The Public Service Commission has determined that the northerly 495 feet and the southerly 665 feet of the new location are additions desired by the Department of Public Works, and not necessary for the elimination. The appellant will make no contribution toward the expense thereof. (Grade Crossing Elimination Act [Laws of 1928, chap. 678], § 2, subd. 7; since amd. by Laws of 1929, chap. 645.)

The roadway of the bridge is to be forty feet wide between curbs, with five feet additional for pedestrians. The earth approaches are to be graded to a top width of forty-four feet, upon which is to be placed an eighteen-foot macadam pavement. The appellant contends that the earth approaches could properly be shortened, and that the resultant grade of more than five per cent would not be improper, and that a width of thirty two feet for the top oi the earth approaches would be adequate to carry the pavement; that the State authorities are not justified in the construction of approaches to accommodate a wider pavement in the future, at the expense of the railroad company; also, that it would ·be an improper diversion of elimination funds to pay therefrom for the increased width; and, if a wider highway is necessary, it should be paid for from funds available for highway construction.

The Legislature may delegate to the Public Service Commission the authority to determine the manner in which the elimination shall be effected, and the character of the structures, approaches and their location, and unless there is an abuse of the authority reposed in the Commission, their determination should be sustained. (*Missouri Pacific Railway* v. *Omaha*, 235 U. S. 121.)

The Commission could not compel the railroad company to contribute toward the expense of constructing " vast public works " when the elimination of the grade crossing was only an incident thereto. (*McAneny* v. *N. Y. Central Railroad Co.*, 238 N. Y. 122.) But the necessity for widening the highway in the near future is a relevant consideration. (*Lehigh Valley Railroad* v. *Public Utility Commissioners*, 278 U. S. 24.) Reasonable additional facilities both for the railroad company and the public may be provided for in the plan. (*Matter of State Commission of Highways*, 239 N. Y. 279.)

In passing over the bridge a traveler will not have an unobstructed view of approaching vehicles because of the converging ascending grades. On account of this the width is justified, without giving consideration to the general plan of widening improved highways.

The Commission was required, also, to give consideration to streets and highways which intersect the area involved.

The order appealed from is not arbitrary, oppressive or extravagant. The relocation and grading directed are reasonably and necessarily incident to the elimination project. Under the facts in this case, we are not at liberty to disagree with the order of the Commission, and to assume that it was made to accomplish some purpose other than the elimination. (*Danner* v. *N. Y. & Harlem R. R. Co.*, 213 N. Y. 117.)

The order of the Public Service Commission should be affirmed, with costs.

VAN KIRK, P. J., HINMAN, DAVIS and HASBROUCK, JJ., concur·

Orders affirmed, with costs.