In the Matter of the Elimination of Grade Crossings of the NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

THE PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, Appellant; ST. LAWRENCE COUNTY, Respondent.

(Argued December 2, 1930; decided January 6, 1931.)

*Francis E. Cullen* for New York Central Railroad Company, appellant. The Appellate Division erred in reversing the order of the Public Service Commission on the law. There was no question of law presented to that court. There was no abuse of discretion, caprice nor arbitrariness, on the part of the Commission, and, therefore, its decision should not have been disturbed. The Appellate Division, under the guise of judicial power, has usurped a mere administrative function of the Commission. (*People ex rel. New York & Queens Gas Co. v. McCall*, 219 N. Y. 84; 245 U. S. 345; *State v. Great Northern Ry. Co.*, 153 N. W. Rep. 247; *Matter of N. Y. C. R. R. Co.*, 177 App. Div. 444; 222 N. Y. 541.)

*Harry M. Chamberlain, Sherman C. Ward* and *Charles G. Blakeslee* for Public Service Commission, appellant. The courts will not substitute their judgment of what is reasonable in a given case for that of the Public Service Commission, but will consider only whether the action complained of was capricious or arbitrary and for that reason unlawful. (*People ex rel. New York & Queens Gas Co. v. McCall*, 219 N. Y. 84; *Brooklyn Heights R. R. Co. v. Straus*, 245 Fed. Rep. 132; *City of Rochester v. Rochester Gas & Elec. Corp.*, 233 N. Y. 39; *People ex rel. Pavilion Natural Gas Co. v. Public Service Comm.*, 178 App. Div. 937; *People ex rel. Woodhaven Gas Light Co. v. Public Service Comm.*, 203 App. Div. 369.)

*George H. Bowers* for respondent.

*Per Curiam.* If the order appealed from were a final order, remitting the proceedings to the Public Service Commission merely for the mechanistic process of putting in force the decision of the Appellate Division in favor of the elimination of the grade crossing in question by an underpass rather than an overpass, it would be reviewable by this court as matter of right. (*People ex rel. New York*

& Queens Gas Co. v. McCall, 219 N. Y. 84, 90.) That it is not such an order is evident by the reference in the opinion below to Matter of Railroad Crossings (226 App. Div. 255, 258) where the matter was remitted for a rehearing "whereat all parties may have full opportunity to present such evidence as they may be advised." Such an order is not final and is not appealable to this court without leave of the Appellate Division on certified questions. (People ex rel. New York & Queens Gas Co. v. McCall, supra.)

The Commission is not, however, so bound by the decision below that it may not, after the rehearing directed by the court, continue to exercise its judgment and discretion as between the alternative plans of making the improvement. The court may not substitute its judgment for that of the Commission as to the wisdom or policy of the order complained of or analyze or balance the evidence which was before the Commission for the purpose of determining whether it preponderates for or against the conclusion arrived at on a question of engineering plans, but may determine only whether after a fair hearing the action of the Commission is arbitrary or capricious. (People ex rel. New York & Queens Gas Co. v. McCall, supra; affd., 245 U. S. 345.)

We are not to be understood as giving countenance to the views expressed by the Appellate Division as to the application of its powers of review in this case.

The appeal should be dismissed.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Appeal dismissed.