In the Matter of the Proceeding, under the Grade Crossing Elimination Act, for the Elimination of the Existing Highway-Railroad Crossing at Grade of the Railroad Operated by LEHIGH VALLEY RAILROAD COMPANY and Ithaca-West Danby Part 2 State Highway No. 5567 Known as Creedon Crossing, Located About 1.34 Miles North of Newfield Station, in the Town of ·Newfield Tompkins County. (Case No. 4697.)

LEHIGH VALLEY RAILROAD COMPANY, Appellant; DEPARTMENT OF PUBLIC SERVICE, STATE DIVISION (PUBLIC SERVICE COMMISSION) and Another, Respondents.

Third Department, February 18, 1931.

*Herbert W. Smith*, for the appellant.

*Charles G. Blakeslee* [*Sherman C. Ward* of counsel], for the respondent Public Service Commission.

*Hamilton Ward, Attorney-General* [*William B. Zimmer, Assistant Attorney-General,* of counsel], for the respondent State Department of Public Works.

DAVIS, J. It has been determined after proper hearing that a grade crossing on the Ithaca-West Danby highway shall be eliminated in the interest of public safety. The plans as approved

carry the highway over the railroad on an elevated structure with necessary approaches. The proposed highway and bridge over the railroad have a width of twenty-four feet available for travel. About one hundred and fifty feet south of the railroad there is a stream known as Cayuga inlet. This stream runs approximately parallel to the track. It is admitted that the over-grade structure must be carried over this stream.

At present there is a concrete bridge twenty feet wide by which the highway passes over the stream. This bridge is of comparatively recent construction. The new highway created by the elimination plan in crossing the stream will be above the level of the present bridge. It is impossible to utilize the existing bridge, for it cannot be raised or moved but must be destroyed. The plan contemplates a new bridge twenty-four feet in width on the new level.

The only question on this appeal concerns the width of this bridge and the obligation on the part of the railroad company to pay its proportionate share of the added expense because of the increase in width over that of the pre-existing bridge. The position of the railroad company, in brief, is that the new construction is in substitution of the existing crossing; that a comparatively modern bridge existed with capacity to care for the necessary traffic; and that it should not be called upon to pay for improvements and betterments in the highway that are no part of the crossing elimination, however much they may facilitate travel in general.

No fault can be found with this fundamental principle. The difficulty is that it is not applicable to the existing state of facts. The safety of the public is the primary consideration, and if the danger is clear, reasonable care must be taken to avert it. (*Matter of N. Y. C. R. R. Co.* [*Eddy & Sullivan Crossings*], 229 App. Div. 607; appeal dismissed, 255 N. Y. 320; *Erie R. R. Co.* v. *Public Utility Comrs.*, 254 U. S. 394, 410; *Lehigh Valley R. R. Co.* v. *Commissioners*, 278 id. 24, 34.) Obviously the narrowing of this highway on the portion of the overhead structure near the end from twenty-four to twenty feet would be attended with danger to the traveling public. The record on the hearings indicates that the Department of Public Works in submitting its plan was animated with a purpose of providing a safe means of travel rather than of making an improvement or betterment in the highway. Its officers were fearful that a twenty-foot bridge would introduce an element of danger, and their attitude seems reasonable. The fact that there has been an improvement in the highway does not of itself indicate that these are betterments from the expense of which the railroad company should be exempted. (*Matter of Grade Crossing Elimination* [*Saugerties-Kingston Highway*], 226 App. Div. 447; affd.,

252 N. Y. 583; *Matter of State Highway Comm.* [*Kirkwood Crossing*], 201 App. Div. 94.) The question of the legal obligation of the railroad company to contribute to the expense of elimination must always depend upon the reasonableness of the proposed change considered in the light of safety of travel. Extravagant ornamentation, plans undertaken for the convenience of others, or to serve some purpose other than that of the public welfare — all these fall into a different class. Here we find a plan based only on public safety, where the judgment of the Commission appears to have been exercised wisely. The railroad company is not exposed to the danger of having its property confiscated, and has no genuine grievance.

The order should be affirmed, with costs.

All concur.

Order affirmed, with costs.