484

In the Matter of the Proceeding, under the Grade Crossing Elimination Act, for the Elimination of the Existing Highway-Railroad Crossings at Grade of the Railroads Operated by THE NEW YORK CENTRAL RAILROAD COMPANY and NEW YORK STATE RAILWAYS and CAREY ROAD (State Highway No. 5547), Located about One Mile West of Whitesboro Station, in the Town of Whitestown, Oneida County. (Case No. 4172.)

THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant; PUBLIC SERVICE COMMISSION (STATE DIVISION, DEPARTMENT OF PUBLIC SERVICE) and Others, Respondents.

Fourth Department, May 19, 1933.

*Clive C. Handy* [*Frederick L. Wheeler* and *William R. Stevens* of counsel], for the appellant.

*Charles G. Blakeslee* [*Sherman C. Ward* of counsel], for the respondent Public Service Commission.

*John J. Bennett, Jr., Attorney-General* [*Leon M. Layden, Assistant Attorney-General*, of counsel], for remaining parties.

TAYLOR, J.   State Highway No. 5547 crosses at grade the appellant's tracks, the Mohawk river and seventy-five feet of intermediate land in the town of Whitestown, Oneida county.   This is a proceeding under the Grade Crossing Elimination Act (Laws of 1928, chap. 678, as amd.) to elevate the highway so that it will cross above the territory mentioned, some 422 feet westerly from the old grade crossing.   The old roadway is 15½ feet wide, the new one is to be 24 feet.   In the stipulation of facts it is conceded that public welfare requires this elimination, that the highway should be at the same elevation over the whole stretch of territory mentioned, and that each and every part of the elimination order is proper and justified by the evidence taken excepting that part providing for the construction of the girder span about 100 feet long over the Mohawk river.   It is also conceded by appellant that the cost of new substructure for the river span is properly chargeable to the elimination.   A motion for a rehearing was denied.

The appeal of the New York Central Railroad Company involves the claim that as to the span over the Mohawk river the railroad company should not be compelled to contribute to the cost of the superstructure a sum greater than the cost of reproducing the old superstructure over the river ($5,500) or moving the old superstructure to the new location ($8,000), instead of being required to pay a sum estimated at $23,000 for the proposed new superstructure.

If the determination of the Public Service Commission is not arbitrary or capricious, it should be affirmed.   (*People ex rel. New York & Queens Gas Co.* v. *McCall*, 245 U. S. 345; *Matter of Grade Crossings* [*N. Y. C. R. R. Co.*], 255 N. Y. 320.)   To require appellant to contribute toward reasonable improvements, toward additions to former construction and toward approaches to the span over the railroad's right-of-way is within the policy of the law of this State.   (Laws of 1928, chap. 678, § 2, subd. 5; *Matter of Creedon Grade Crossing*, 231 App. Div. 531; *Matter of Grade Crossing Elimination* [*Case No. 4725*], 226 id. 447; affd., 252 N. Y. 583; *Matter of Grade Crossing Elimination* [*Case No. 4740*], 235 App. Div. 887.)   The proposed new river span is a part of the northerly approach to

the span over the railroad and is not a " vast public work " at. the expense of the railroad such as brought about the reversal of the order in *McAneny* v. *N. Y. C. R. R. Co.* (238 N. Y. 122).

The order of the Public Service Commission should be affirmed, with costs.

All concur, except EDGCOMB, J., who dissents and votes for modification in a memorandum.

EDGCOMB, J. (dissenting). The present bridge over the Mohawk river, as it now exists, is not in a condition to meet the demands of public travel. The structure is fifteen and one-half feet wide in the clear, and will not bear in safety a load in excess of four tons. It has been posted as unsafe for loads in excess of that amount. We are now told that public safety demands a bridge at least twenty-four feet wide and strong enough to sustain a weight of twenty tons. This change is not made necessary because the structure is to be raised. The bridge would have to be rebuilt and strengthened, if it were allowed to remain at its present location, and the railroad company would not be required to share in the expense of such improvement. It should not be compelled to do so now, simply because the bridge is to be raised some twenty-two feet in the air. The building of a wider and stronger structure is not a mere incident in the elimination of the grade crossing in suit; it is an improvement and betterment, the cost of which is in no way chargeable to the railroad company.

The order should be modified by providing that the cost of constructing the bridge superstructure over the Mohawk river shall be limited to the cost of reproducing at the new location the existing bridge at its present site, which it has been stipulated is the sum of $5,500, and as thus modified should be affirmed, without costs.

Order directing elimination of the grade crossing so far as appealed from affirmed, with costs. Order denying a rehearing affirmed, without costs.