In the Matter of the NEW YORK CENTRAL RAILROAD
COMPANY, Appellant, against PUBLIC SERVICE COM-
MISSION OF THE STATE OF NEW YORK et al.,
Respondents.

(Argued January 15, 1935; decided February 26, 1935.)

*William R. Stevens, Frederick L. Wheeler* and *Clive C. Handy* for appellant. The Public Service Commission has no jurisdiction over a private grade crossing. (*Matter of N. Y. C. & H. R. R. R. Co.*, 200 N. Y. 121; *Matter of State Commissioner of Highways [Town of Ripley]*, 239 N. Y. 279.) Compliance with section 90 of the Railroad Law (Cons. Laws, ch. 49) is prerequisite to the establishment of a public highway railroad grade crossing. (*People ex rel. Niagara Falls* v. *N. Y. C. & H. R. R. R. Co.*, 31 App. Div. 334; 158 N. Y. 410; *N. Y. C. & H. R. R. R. Co.* v. *City of Buffalo*, 128 App. Div. 373; 200 N. Y. 113; *Village of Bolivar* v. *P., S. & N. R. R. Co.*, 88 App. Div. 387; 179 N. Y. 523; *Brush* v. *N. Y., N. H. & H. R. R. Co.*, 162 App. Div. 731; 218 N. Y. 264; *Matter of Ludlow Street*, 59 App. Div. 180; 172 N. Y. 542; *Matter of County of Westchester*, 219 App. Div. 371; *Cordell* v. *N. Y. C. & H. R. R. R. Co.*, 64 N. Y. 535.) No public crossing has been established by user. (*N. Y. C. & H. R. R. R. Co.* v. *Village of Ossining,* 141 App. Div. 765; 207 N. Y. 648; *Lehigh & H. R. R. Co.* v. *Village of Warwick*, 164 App. Div. 55; *Concklin* v. *N. Y. C. & H. R. R. R. Co.*, 149 App. Div. 739; 207 N. Y. 752.)

*Charles G. Blakeslee* and *John J. Donohue* for respondents. The Public Service Commission has jurisdiction to require a railroad corporation to station a flagman at a highway-railroad grade crossing. (Cons. Laws, ch. 49, § 53.) A highway-railroad grade crossing may be established by use. (*People ex rel. Niagara Falls* v. *N. Y. C. & H. R. R. R. Co.*, 31 App. Div. 334; 158 N. Y. 410; *Cordell* v. *N. Y. C. & H. R. R. R. Co.*, 64 N. Y. 535; *Lewis* v. *N. Y., L. E. & W. R. R. Co.*, 123 N. Y. 496.) Kensico avenue is a public highway, and its intersection with the tracks of the appellant is a public highway-

railroad grade crossing. (*Speir* v. *Town of New Utrecht*, 121 N. Y. 420; *Johnson* v. *City of Niagara Falls*, 230 N. Y. 77; *Matter of Wallace Avenue*, 222 N. Y. 139.)

CROUCH, J. The controversy concerns the validity of an order made by the Public Service Commission requiring petitioner to " station a flagman at the crossing at grade of its railroad and Kensico Avenue (or road) adjacent to the Valhalla station in the town of Mount Pleasant, Westchester County, who shall be on duty from 7:00 A. M. to 11:30 P. M. each day." On certiorari to the Appellate Division the order was confirmed.

Kensico avenue, so called, was originally a farm crossing provided for in a right of way deed to the New York and Harlem Railroad Company in 1845. With the passing years the section has changed from farm land to suburban community. The farm road has become a traveled way used by many people living west of the tracks for access to the railroad station and to that part of Valhalla lying east of the tracks. The evidence tends to show that by reason of certain physical conditions the crossing is one of danger to those traveling from the west.

The order was made under the authority conferred upon the Commission by section 53 of the Railroad Law (Cons. Laws, ch. 49). That authority, however, is confined to public crossings. (*Matter of N. Y. C. & H. R. R. R. Co.*, 200 N. Y. 121; *Matter of State Commission of Highways* [*Town of Ripley*], 239 N. Y. 279.) In recognition of that limitation the order of the Commission recites, among other things, a fact finding to the effect that the crossing is a public one. That finding rests upon testimony tending to show that for upwards of twenty years preceding the date of the order, the crossing had been used continuously by the public, and had been maintained by the town authorities.

Down to July 1, 1897, when chapter 754 of the Laws of that year took effect, it may well be that proof of such user would have established the existence of a public crossing. (*Lewis* v. *N. Y., L. E. & W. R. R. Co.*, 123

N. Y. 496.) That seems, by dictum, to have been so even where there had been no compliance with the then existing statute (Laws of 1853, chap. 62) relating to the construction of roads across railroad tracks. (*Cordell* v. *N. Y. C. & H. R. R. R. Co.*, 64 N. Y. 535, 540.)

The amendment to the Railroad Law made by chapter 754 of the Laws of 1897 radically changed the procedure for creating highway-railroad crossings. That act " provides a *complete* scheme as to crossings  *  *  *. The right of all municipalities to lay out streets across the property of a railroad remains unaffected by this legislation; but it does take away from them the right of their own motion to compel a railroad to take a street across its tracks at grade." (*People ex rel. City of Niagara Falls* v. *N. Y. C. & H. R. R. R. Co.*, 158 N. Y. 410, 413.)

It is clear that subsequent to July 1, 1897, the town authorities alone could not by any formal action turn the old farm crossing into a public crossing at grade. Jurisdiction to do that was vested elsewhere (Railroad Law, § 90). Much less could the town authorities, by casually and informally working a traveled way, so as to make it a highway by user (*Speir* v. *Town of New Utrecht*, 121 N. Y. 420), create a public crossing at grade without the authority of the Public Service Commission and against the will of the petitioner. There is no evidence to show that what is now called Kensico avenue was used as a public highway prior to 1902. Kensico avenue outside the boundaries of the railroad right of way may be a public highway; the crossing, however, is not a public crossing. The Public Service Commission was, therefore, without jurisdiction to act under section 53 of the Railroad Law.

The order of the Appellate Division should be reversed, and the determination of the Public Service Commission annulled, with costs in all courts.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN and FINCH, JJ., concur.

Order reversed, etc.